652 A.2d 874

**COMMONWEALTH of Pennsylvania**

**v.**

**Virginia F. (Tyler) SHARTLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 12, 1994.

Filed Jan. 17, 1995.

404

Edward J. Hatheway, Meadville, for appellant.

Mark D. Waitlevertch, Asst. Dist. Atty., Meadville, for Com., appellee.

Before WIEAND, HUDOCK and HESTER, JJ.

WIEAND, Judge:

Virginia F. (Tyler) Shartle entered a plea of guilty to a charge of recklessly endangering another person in connection with the stabbing of a former paramour during an argument.[1] She was sentenced to serve a term of imprisonment for not less than four (4) months nor more than twenty-four (24) months, less one (1) day. A motion for reconsideration of

1. In exchange for her plea of guilty, the Commonwealth agreed to nol pros charges of aggravated assault, simple assault and harassment. It was further agreed that the deadly weapons enhancement provision of the Sentencing Guidelines would not be applied for purposes of sentencing.

sentence was denied, and Shartle filed the instant appeal in which she raises the following issues:

1. WHETHER THE TRIAL COURT ABUSED ITS SENTENCING DISCRETION BY SENTENCING THE DEFENDANT/APPELLANT IN THE AGGRA-VATED RANGE DESPITE NOTING IN ITS MAY 23, 1994 SENTENCING ORDER THAT THE DEFEN-DANT/APPELLANT HAD BEEN ABUSED BY THE VICTIM IN THIS CASE?

2. WHETHER THE TRIAL COURT ERRED BY NOT GIVING THE DEFENDANT/APPELLANT CREDIT FOR PRE-TRIAL INCARCERATION FOR TIME SERVED WHEN THE DEFENDANT/APPELLANT HAD SERVED TWENTY-TWO DAYS ON HOUSE ARREST FROM THE DATE OF HER ARREST TO THE DATE OF HER PRELIMINARY HEARING?

After review, we deny allowance of appeal from the discretionary aspects of sentencing and otherwise affirm the judgment of sentence.

■ The first issue asserted by appellant involves a challenge to the discretionary aspects of sentencing. Pursuant to Pa.R.A.P. 2119(f), appellant was required to set forth in her brief a concise statement of the reasons relied upon for allowance of an appeal from the discretionary aspects of sentencing. See: *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). See also: *Commonwealth v. Jones*, 418 Pa.Super. 93, 99, 613 A.2d 587, 590 (1992) (en banc); *Commonwealth v. Eicher*, 413 Pa.Super. 235, 268, 605 A.2d 337, 353–354 (1992). Appellant has failed to comply with this procedural requirement, and the Commonwealth has objected thereto. This Court, therefore, is precluded from reviewing the merits of appellant's challenge to the discretionary aspects of the sentence. See: *Commonwealth v. Krum*, 367 Pa.Super. 511, 515–520, 533 A.2d 134, 136–138 (1987) (en banc). See also: *Commonwealth v. Huckleberry*, 429 Pa.Super. 146, 150–151, 631 A.2d 1329, 1331 (1993); *Commonwealth v. Servich*, 412 Pa.Super. 120, 133, 602 A.2d 1338, 1345 (1992). Accordingly,

we deny the allowance of an appeal from the discretionary aspects of appellant's sentence.[2]

■ Following her arrest and preliminary arraignment, appellant was released on her own recognizance, subject to the condition that she submit to house arrest. This house arrest continued for a period of twenty-two (22) days and until the time of appellant's preliminary hearing. Following the preliminary hearing, appellant was permitted to post bond, and the condition of house arrest was discontinued. Appellant now argues that she should have been given credit for time served with respect to the twenty-two (22) days she was under house arrest and subject to electronic monitoring. The sentencing court, however, concluded that house arrest was not the equivalent of "imprisonment," and that appellant was not entitled to be given credit for the time during which she was confined to her home by order of court.[3]

The Sentencing Code provides for the awarding of credit for time served as follows:

### § 9760. Credit for time served

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison

2. Moreover and in any event, the sentencing court did not abuse its discretion by imposing a sentence in the aggravated range of the Sentencing Guidelines. According to the sentencing court, such a sentence was warranted "due to the fact that there actually [were] serious injuries inflicted to the victim, the [appellant] was on probation at the time of the incident and was drinking alcoholic beverages." Because the sentence imposed is supported by the record, there is no basis for this Court to disturb the sentencing court's exercise of its broad discretion.

3. A challenge to the trial court's failure to give credit for time served prior to sentencing involves the legality of sentencing; and, therefore, such a claim is appealable as of right. See: *Commonwealth v. Little*, 417 Pa.Super. 505, 506 n. 1, 612 A.2d 1053, 1053 n. 1 (1992); *Commonwealth v. Hollawell*, 413 Pa.Super. 42, 45, 604 A.2d 723, 725 (1992).

sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1). This is amplified by Pa.R.Crim.P. 1406(b), which provides:

(b) A sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge. Credit, to be calculated by the clerk of court, shall be given as provided by law for any days spent in custody by the defendant for such offense or offenses prior to the imposition of sentence.

Pa.R.Crim.P. 1406(b). These provisions make clear that a defendant is to be given credit for time served with respect to any time spent in "custody" prior to being sentenced by the court.

The Superior Court, in *Commonwealth v. Jones*, 211 Pa.Super. 366, 236 A.2d 834 (1967), held that a defendant was entitled to credit for time served pre-trial in a state hospital upon commitment for a mental health evaluation. In so holding, the Court reasoned:

"Custody, in criminal law, is the same thing as detention, in civil law, and is synonymous with imprisonment. Imprisonment is the detention of a person contrary to his will." Words and Phrases, Vol. 10, page 722. It seems too clear for argument that this appellant has been in custody from the date of the arrest to the present time. He has at all times been under the jurisdiction and subject to the authority of the court; has been restrained of his liberties during the entire time of confinement; and if he had violated this custody by "walking away" he would have been apprehended by the authorities and either returned to the hospital or to the county jail.

*Id.* at 370–371, 236 A.2d at 836. See: *Commonwealth v. Usher*, 264 Pa.Super. 435, 399 A.2d 1129 (1979) (juvenile

defendant was entitled to credit for time served in residential drug and alcohol treatment program). Accord: *Commonwealth v. Mallon,* 267 Pa.Super. 163, 169, 406 A.2d 569, 572 (1979).

However, in *Commonwealth v. Kriston,* 527 Pa. 90, 588 A.2d 898 (1991), the Supreme Court held that the legislature had demonstrated an intent that sentences of imprisonment were to be served in institutional settings. Therefore, the Court said, the term "imprisonment" would be construed to require confinement in an institutional setting. Consequently, the statutorily mandated minimum term of imprisonment for driving while under the influence of alcohol could not be satisfied by time spent by the defendant in a home monitoring program.

The Supreme Court elucidated further in its opinion in *Commonwealth v. Conahan,* 527 Pa. 199, 589 A.2d 1107 (1991). There, the Court held that a defendant who had been convicted of driving while under the influence of alcohol was entitled to credit for time served in an inpatient alcohol rehabilitation program. The Court observed that, "[p]ursuant to 42 Pa.C.S. § 9760, a defendant may be given credit for time spent in custody, and we firmly believe that 'custody' in this sense includes time spent in institutionalized rehabilitation and treatment programs." *Id.* at 202, 589 A.2d at 1109. See also: *Commonwealth v. Cozzone,* 406 Pa.Super. 42, 54–57, 593 A.2d 860, 866–868 (1991). Citing its prior decision in *Commonwealth v. Kriston, supra,* the *Conahan* Court distinguished time served in an "institutional setting," such as an inpatient alcohol treatment facility, from time spent in a home monitoring program. The Court said:

> In *Kriston* we were concerned with the non-custodial nature of a sentence being served in a personal residence. While it is true that one subject to home monitoring has his liberty restrained and risks being sent to prison if he violates the terms of the program, we could not hold that such a sentence was sufficient to satisfy the goals of the Legislature given the abundant amenities and nonrehabilitative temptations present in the home. However, in the case

**sub judice** our definition of "imprisonment" compels a different result.

Conahan voluntarily committed himself to inpatient custodial alcohol rehabilitation, which he successfully completed after devoting ninety-five continuous days towards overcoming his disease. We find that his successful completion of this custodial inpatient rehabilitation, which took place in three hospitals, falls within the common meaning of "imprisonment" and is a sufficient "institutional setting" as contemplated by this Court in *Kriston.*

*Commonwealth v. Conahan, supra* 527 Pa. at 203, 589 A.2d at 1109.

█ In the instant case, appellant's pre-trial confinement to her home was not the equivalent of time served in an institutional setting. Therefore, the home monitoring program to which she was subjected did not meet the statutory requirement of custody as set forth at 42 Pa.C.S. § 9760(1). As such, the trial court did not err by refusing to give appellant credit for time served for the twenty-two (22) days spent under house arrest prior to the preliminary hearing.

The judgment of sentence is affirmed.