**COMMONWEALTH of Pennsylvania,
Appellant,**

v.

**Joseph MENDEZ, Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 29, 2000.
Filed March 21, 2000.

Stuart B. Suss, Asst. Dist. Atty., West Chester, for Com., appellant.

Douglas L. Smith, Media, for appellee.

Before McEWEN, President Judge, and JOHNSON and OLSZEWSKI, JJ.

JOHNSON, J.:

¶ 1 On this appeal we determine whether a defendant convicted of driving under suspension/DUI related, and subject to a mandatory term of imprisonment may receive credit for time voluntarily served in intermediate punishment, thereby decreasing the duration of his prison term. We conclude that the sentencing code does not permit such a credit.

¶ 2 The Commonwealth appeals from the judgment of sentence imposed following Joseph Mendez's plea of guilty to driving under suspension (DUS). 75 Pa. C.S. § 1543(b)(1). The Commonwealth argues that the trial court erred by crediting Mendez with twenty-one days for the forty-two days he spent in an inpatient rehabilitation facility. After study, we conclude that the twenty-one day credit violated the mandatory minimum sentence for Mendez's offense and was therefore illegal. Accordingly, we vacate the judgment of sentence and remand for resentencing consistent with this Opinion.

¶ 3 The facts of this case arise out of the suspension of Mendez's license following his conviction for driving under the influence (DUI). During the period of suspension, Mendez drove a car and was stopped by police. Mendez was then charged with the instant offense of DUS. As a result of the DUS charge and prior to sentencing, Mendez checked himself into Riverside House (Riverside) in Philadelphia where he remained for forty-two days in an inpatient drug and alcohol rehabilitation program. As a participant in this program, Mendez was not permitted to leave the grounds, and the penalty for departure was immediate and automatic termination from the program.

¶ 4 Mendez later pled guilty to DUS. The Honorable Robert J. Shenkin sentenced Mendez to the mandatory term of ninety days' imprisonment, imposed a fine of $1000.00 dollars, and ordered Mendez to pay the costs of prosecution. However, Judge Shenkin gave Mendez credit for half of the time he spent in the inpatient program at Riverside (i.e. twenty-one days). The Commonwealth filed this appeal.

¶ 5 The Commonwealth raises the following issue for our review.

The legislature has mandated that a person who drives a motor vehicle while his operating privilege is suspended or revoked for a violation of Section 3731 (relating to driving while under the influence of alcohol) shall be sentenced to undergo imprisonment for a period of not less than 90 days. May a defendant receive credit against that mandatory 90 day sentence for time spent in an alcohol rehabilitation program?

Brief for Appellant at 4.

¶ 6 The Commonwealth asserts that Judge Shenkin's grant of credit to Mendez resulted in an illegal sentence. Brief for Appellant at 5. The Commonwealth contends that inpatient rehabilitation is a form of intermediate punishment (IP) and is therefore: (1) statutorily unavailable for defendants who are convicted of DUS; and (2) unavailable under the Chester County IP program for the offense of DUS. *Id.* at 6. Because the statutory issue is dispositive, we find that it is unnecessary to address the Commonwealth's second issue concerning Chester County's IP program.

¶ 7 The sentencing code allows sentencing alternatives, among them IP. 42 Pa. C.S. § 9721(a).

(a) **General rule.**—In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

(6) Intermediate punishment.

42 Pa.C.S. § 9721(a). An exception is made, however, stating that "[u]nless specifically authorized under section 9763 (relating to sentence of [IP]), subsection (a) shall not apply where a mandatory mini-

mum sentence is otherwise provided by law." 42 Pa.C.S. § 9721(a.1).

¶ 8 Here, Mendez pled guilty to a violation of 75 Pa.C.S. § 1543(b)(1), which carries a mandatory minimum sentence of 90 days' imprisonment. 75 Pa.C.S. § 1543(b)(1). Thus, 42 Pa.C.S. § 9721(a.1) prohibits the court from imposing IP. The sentencing code denotes attendance or residence in a rehabilitation facility as a form of IP. *See* 42 Pa.C.S. § 9763(b)(7). In the trial court opinion, Judge Shenkin concluded that he did not sentence Mendez pursuant to an IP plan. Reproduced Record (R.R.) at 40. We disagree. Under the statute pertaining to a sentence of IP, "the court shall specify at the time of sentencing the length of the term for which the defendant is to be in an [IP] program or a combination of [IP] programs." 42 Pa.C.S. § 9763(a). Despite the fact that Judge Shenkin did not specify at the time of sentencing that Mendez's participation in the Riverside program constituted IP, R.R. at 24, the absence of this remark is but a minor oversight, which does not alter the nature of the punishment. Thus, we conclude that the time spent by Mendez as an inpatient at Riverside constitutes IP within the meaning of the sentencing code. As such, 42 Pa.C.S. § 9721(a.1) prohibits credit for the time Mendez spent at Riverside.

¶ 9 The trial court concluded that Mendez's time at Riverside amounted to custody and that the time should be credited under 42 Pa.C.S. § 9760. R.R. at 39. *See also* 42 Pa.C.S. § 9760(1) ("Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based."). The trial court, in its opinion, relied on the following cases in support of its position: *Commonwealth v. Conahan*, 527 Pa. 199, 589 A.2d 1107 (1991); *Commonwealth v. Shartle*, 438 Pa.Super. 403, 652 A.2d 874 (1995); *Commonwealth v. Decker*, 433 Pa.Super. 402, 640 A.2d 1321 (1994); *Commonwealth*

513

*v. Mincone*, 405 Pa.Super. 599, 592 A.2d 1375 (1991); and *Commonwealth v. Cozzone*, 406 Pa.Super. 42, 593 A.2d 860 (1991). For the following reasons, we conclude that these cases do not control the case at bar.

¶ 10 In *Conahan*, the Pennsylvania Supreme Court concluded that the mandatory sentence for driving under the influence, 75 Pa.C.S. § 3731, did not preclude a credit for time served voluntarily in inpatient alcohol rehabilitation. *Conahan*, 589 A.2d at 1110. However, the underlying crime in *Conahan* was not DUS but DUI, which, as the Court noted, is specifically exempted from the requirement that IP be prohibited where a mandatory minimum sentence exists. *Id.* at 1110 n. 1. *See also* 42 Pa.C.S. § 9763(c) (stating that a defendant convicted of DUI may be sentenced to IP in a residential inpatient program or residential rehabilitation center or by house arrest or electronic surveillance combined with drug and alcohol treatment). Likewise, *Decker*, *Mincone*, and *Cozzone* are distinguishable because the underlying crimes in those cases are DUI violations. *Decker*, 640 A.2d at 1322; *Mincone*, 592 A.2d at 1375; *Cozzone*, 593 A.2d at 861. Similarly, *Shartle* is not a DUS case. *Shartle*, 652 A.2d at 877 (concluding trial court did not err in denying defendant credit against her sentence for reckless endangerment for time spent under house arrest prior to preliminary hearing).

¶ 11 In short, the sentencing code does not permit IP for a DUI related DUS violation. Thus, the trial court erred when it gave Mendez credit for the time he spent in Riverside. Accordingly, we vacate the judgment of sentence and remand this case to the trial court for resentencing consistent with this Opinion.

¶ 12 Judgment of sentence **VACATED.** **REMANDED** for **RESENTENCING.** Jurisdiction **RELINQUISHED.**