812 A.2d 509

COMMONWEALTH of Pennsylvania, Appellee,

v.

Joseph F. KOSKEY, Appellant.

Supreme Court of Pennsylvania.

Argued March 6, 2002.

Decided Dec. 18, 2002.

M. Susan Ruffner, James Richard Wilson, Mitchell A. Kaufman, Pittsburgh, for Joseph F. Koskey.

Michael Wayne Streily, Francesco Lino Nepa, Pittsburgh, for Commonwealth of Pennsylvania.

## *OPINION*

Justice NIGRO.

Appellant Joseph F. Koskey appeals from the Superior Court's order affirming his judgment of sentence for driving under a license that had been suspended ("DUS") as a result of a driving under the influence of alcohol ("DUI") conviction. For the reasons that follow, we affirm.

At approximately 11:30 p.m. on November 20, 1999, Officer Gregory Steinmetz of the Shaler Township Police Department received a radio call about a careless and erratic driver in the vicinity. Subsequently, a neighboring Millvale police officer stopped Appellant and determined that he was not intoxicated. Nonetheless, the officer checked Appellant's certified driving record as a precautionary measure and discovered that Appellant had several outstanding license suspensions, one of which was based on a June 1997 DUI conviction pursuant to 75 Pa.C.S. § 3731. Soon thereafter, Officer Steinmetz arrived on the scene and issued Appellant a traffic citation for DUS pursuant to 75 Pa.C.S. § 1543(b), as well as for careless driving pursuant to 75 Pa.C.S. § 3714.

On March 28, 2000, at a hearing before a district justice, Appellant was adjudicated guilty on all charges, sentenced to ninety days in jail, and ordered to pay $1041.50 in fines. On April 18, 2000, Appellant filed a Notice of Appeal from Summary Conviction to the Court of Common Pleas of Allegheny County. On June 28, 2000, after a *de novo* trial, the court affirmed Appellant's judgment of sentence and denied his request to serve his prison sentence in alternative housing.[1] In a Memorandum Opinion issued on May 31, 2001, the Superior Court affirmed Appellant's judgment of sentence. On July 2, 2001, Appellant filed a Petition for Allowance of Appeal to this Court, and we granted allocatur to determine whether the trial court erred in denying Appellant's request to be sentenced to alternative housing for his DUI-related DUS conviction.

■ In relevant part, 75 Pa.C.S. § 1543(b)(1) provides that any person who operates a motor vehicle while his operating privilege has been suspended for a DUI conviction shall "be

1. The discussion regarding alternative housing was as follows:
   THE COURT: [Appellant] is found guilty and fined $1,000 and sentenced to the Allegheny County Jail for 90 days. You have a right to appeal to the Superior Court of Pennsylvania in 30 days.
   APPELLANT'S COUNSEL: How about Alternative Housing?
   THE COURT: You can't get Alternative Housing under the law. It's not my ruling. It is the ruling of the Superior Court of Pennsylvania.
   APPELLANT'S MOTHER: How can that be?
   THE COURT: Ask the Superior Court. I tried to change it from the legislature.
   N.T., 6/28/2000, at 10–11.
   Although the trial court did not specify which Superior Court decision precluded him from imposing a sentence of alternative housing, the parties agree that the court was likely referring to *Commonwealth v. Mendez*, 749 A.2d 511 (Pa.Super. March 21, 2000). In *Mendez*, the defendant was charged with a DUI-related DUS in violation of Section 1543(b). *Id.* at 511. Prior to conviction and sentencing on the charge, the defendant voluntarily entered an inpatient drug and alcohol rehabilitation program for forty-two days. After the defendant pled guilty, the trial court sentenced him to a mandatory term of ninety days imprisonment, but gave the defendant credit for half of the time that he had spent at the treatment facility. On appeal, the Superior Court ultimately concluded that the time that the defendant spent in the inpatient facility constituted intermediate punishment, as opposed to imprisonment, and, as such, the trial court erred in giving him credit for his time served there. *Id.* at 512.

guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than [ninety] days." With regard to sentencing, 42 Pa.C.S. § 9721 generally states that a court may choose among various sentencing options, such as probation, confinement, or intermediate punishment, unless "a mandatory minimum sentence is otherwise provided by law." *See* 42 Pa.C.S. § 9721(a.1). Where a mandatory minimum sentence has been provided, such as in the instant case, a court does not have discretion in sentencing, unless specifically authorized under 42 Pa.C.S. § 9763. *Id.* At the time Appellant was sentenced, Section 9763 allowed a sentencing court to impose a sentence of intermediate punishment for defendants convicted of DUI pursuant to Section 3731, regardless of any applicable mandatory minimums, but it did not create such an exception for DUI-related DUS convictions pursuant to the statute that Appellant was convicted under, Section 1543(b)(1). *See* 42 Pa.C.S. § 9763. Thus, at the time Appellant was sentenced, the plain language of the statutory scheme required sentencing courts to adhere to the mandatory minimum sentencing guidelines for violations of Section 1543(b)(1) and did not provide courts with the authority to sentence DUI-related DUS offenders to intermediate punishment.[2]

Appellant argues, however, that he requested alternative housing, not intermediate punishment, and that the terms are not synonymous. According to Appellant, because alternative housing can be more restrictive than intermediate punishment, alternative housing can be considered a form of

---

2. On June 22, 2000, the Legislature enacted the County Intermediate Punishment Act ("CIPA"), which became effective on August 21, 2000. *See* 42 Pa.C.S. § 9801, *et seq.* Section 9804(b)(3) of the CIPA now specifically allows offenders of either Section 3731(e) (relating to DUI) or Section 1543(b) (relating to DUI-related DUS) to be sentenced to intermediate punishment in a residential inpatient program or a residential rehabilitative center. 42 Pa.C.S. § 9804(b)(3)(i). Thus, although there is no question that under the current statutory scheme Appellant could have been sentenced to alternative housing in a residential rehabilitation facility for his DUI-related DUS conviction, the CIPA did not take effect until after Appellant was convicted and sentenced in the instant case. Accordingly, we must analyze his claim under the statutory framework applicable at the time of his sentencing as outlined above.

imprisonment as that term is used in Section 1543(b)(1). *See* 75 Pa.C.S. § 1543(b)(1) (any person who operates a motor vehicle while their operating privilege has been suspended for a DUI conviction shall "be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than [ninety] days"). Thus, Appellant contends that the trial court had the discretion to sentence him to alternative housing at the time of his sentencing. We disagree.

Intermediate punishment is described as the conditions that a court can place on a defendant in lieu of total or partial confinement. *See* 42 Pa.C.S. § 9763(a), (b). Included among these conditions are the more restrictive "attend[ance] or resid[ence] in a rehabilitative facility or other intermediate punishment program" and "electronic monitoring," 42 Pa.C.S. § 9763(b)(7), (b)(17), and the less restrictive family counseling and community service. 42 Pa.C.S. § 9763(b)(3), (b)(4). Alternative housing, on the other hand, has not specifically been defined by the Legislature.[3] The Sentencing Guidelines, however, clearly indicate that alternative housing is merely a form of intermediate punishment. In relevant part, the Guidelines provide that:

(i) Restrictive Intermediate Punishments (RIP)[4] either:

**(A) house the offender full or part time; or**

(B) significantly restrict the offender's movement and monitor the offender's compliance with the program(s);

. . .

**3.** In Allegheny County, alternative housing is governed by the County Jail Oversight Board pursuant to 16 P.S. § 6004–A. However, Section 6004–A fails to define alternative housing.

Appellant offers his own definition of alternative housing, claiming that it is a term of confinement in an institutionalized setting, which cannot be modified or revoked. *See* Appellant's Br. at 8. He further states that alternative housing is "nothing more than a sentence of partial confinement or total confinement to the county jail, with a recommendation that the sentence be served in another location." *Id.* As the Superior Court noted below, however, Appellant cites absolutely no authority for this definition.

**4.** Intermediate Punishment is divided into Restrictive Intermediate Punishment and Restorative Intermediate Punishment.

42 Pa.Code § 303.12(4)(i) (emphasis added).[5] Moreover, Pennsylvania case law suggests that alternative housing is typically reserved for drug or alcohol-related offenses and is to be served in inpatient drug and alcohol rehabilitation facilities, which Section 9763(b)(7) explicitly designates as a form of intermediate punishment. *See, e.g., Commonwealth v. Patosky*, 440 Pa.Super. 535, 656 A.2d 499, 502 (1995) (inpatient rehabilitation facilities); *Commonwealth v. Mincone*, 405 Pa.Super. 599, 592 A.2d 1375, 1376 (1991) (same).[6] Thus, while Appellant may be correct that alternative housing and intermediate punishment are not synonymous terms, alternative housing is merely a form of intermediate punishment, and therefore, the trial court did not have the authority to sentence Appellant to alternative housing at the time he was sentenced.

Appellant also bases his argument that alternative housing constitutes "imprisonment," as that term is used in Section 1543(b)(1), on this Court's decision in *Commonwealth v. Conahan*, 527 Pa. 199, 589 A.2d 1107 (1991). In *Conahan*, a man convicted of DUI sought credit against his mandatory minimum prison sentence for the ninety-five consecutive days that he voluntarily spent in an inpatient alcohol rehabilitation facility. *Id.* at 1108. This Court determined that the custodial inpatient alcohol rehabilitation that the defendant underwent in that case sufficiently constrained his liberties to constitute "imprisonment" as provided for in Section 1543(b)(1). *Id.* at 1109. However, our decision "solely in-

---

5.  Indeed, the Allegheny County Intermediate Punishment Plan indicates that alternative housing is an available form of intermediate punishment in Allegheny County. *See* 204 Pa.Code § 303.12(2) (county intermediate punishment plan provides a mechanism to advise courts of the extent and availability of services and programs authorized in the county).

6.  Here, given that Appellant was convicted of a DUI-related DUS, an alcohol-related offense, it would not be illogical to assume that the trial court took Appellant's request for alternative housing to be a request for inpatient rehabilitation, which, as noted above, is clearly a form of intermediate punishment. *See* 42 Pa.C.S. § 9763(b)(7). To the extent Appellant appears to suggest that he was asking the sentencing court for a different type of alternative housing, Appellant has not proposed any other type of alternative housing that may be applicable here.

volved the interpretation of the term 'imprisonment' for purposes of the offense of driving under the influence of Section 3731," see *Commonwealth v. Chiappini*, 566 Pa. 507, 782 A.2d 490, 500 (2001), and was premised on the statutory framework applicable when that defendant was sentenced. At that time, the Legislature had not only failed to define imprisonment, but had also failed to explicitly provide that a court could sentence a defendant to intermediate punishment. *See id.* at 1110 n. 1 (explaining that defendant was sentenced prior to enactment of Section 9763). Thus, in the absence of any statutory guidance, this Court was required to examine the dictionary definition and the common usage of imprisonment to clarify Section 1543(b)(1), which ultimately led to our conclusion that the custodial inpatient rehabilitation in *Conahan* fell within the common meaning of imprisonment. *See id.* at 1109.

After the defendant in *Conahan* was sentenced, however, in 1990 the Legislature enacted Section 9763, which specifically permits a court to sentence a defendant to intermediate punishment in a residential rehabilitative program for a DUI conviction. *See* 75 Pa.C.S. § 9763(c). Thus, by explicitly providing for the imposition of intermediate punishment for a DUI conviction, the Legislature clearly intended to divorce the concept of intermediate punishment from the common meaning of imprisonment. Given that this Court presumes that the Legislature did not intend provisions of its enactments to be mere surplusage, *see Masland v. Bachman*, 473 Pa. 280, 374 A.2d 517, 523 (1977), we must assume that it intended imprisonment and intermediate punishment to be mutually exclusive and to be treated differently.[7] As such, under the statutory framework in effect when Appellant was sentenced, intermediate punishment no longer fell under the common definition of

---

7. Today, under the CIPA, the Legislature provides that "[n]othing in this chapter shall be construed as creating an enforceable right in any person to participate in an intermediate punishment program in lieu of incarceration." 42 Pa.C.S. § 9812. Thus, the Legislature now clearly distinguishes between incarceration, *i.e.*, imprisonment, and intermediate punishment.

imprisonment, and Appellant's claim that imprisonment necessarily includes alternative housing fails.

Thus, given our conclusion that alternative housing constitutes intermediate punishment under Section 9763(b), and that sentences of intermediate punishment were not allowed for DUI-related DUS convictions at the time that Appellant was sentenced, the trial court did not have the authority to sentence Appellant to alternative housing. Accordingly, the trial court did not err in denying Appellant's request to be sentenced to alternative housing, and the Superior Court did not err in affirming Appellant's judgment of sentence.

The order of the Superior Court is hereby affirmed.

Chief Justice ZAPPALA concurs in the result.