## Commonwealth v. Wadelington

C.P. of Berks County, no. CP-06-CR-5887-2004.

*Alisa R. Hobart, assistant district attorney,* for Commonwealth.

*Kenneth W. Kelecic,* for defendant.

BUCCI, *J.,* November 19, 2008—

## PROCEDURAL HISTORY

On February 8, 2005, this court sentenced Tracey Wadelington (appellant) to one year of probation on the charge of false identification to law enforcement.[1] Appellant's probation was ordered to commence at the

1. 18 Pa.C.S. §4914(a).

expiration of the sentence imposed at docket 6227/2007. On December 6, 2007, following a Gagnon II hearing, appellant's probation was revoked for violation of the conditions of his supervision. Appellant was resentenced to serve 92 days to 12 months in Berks County Prison and credited with 92 days time served. Appellant was paroled from Berks County Prison on or about December 19, 2007. On April 9, 2008, appellant appeared before a hearing master for a second Gagnon II hearing. The hearing master found appellant in violation of the conditions of his parole supervision and he recommended that the appellant be recommitted to the Berks County Prison to serve out the remainder of his sentence. Appellant, then, appealed the master's recommendation to this court seeking credit for 141 days time served on the basis that he was a resident of the YMCA Bridge House from April 11, 2007 to August 31, 2007. Following a hearing before this court on May 28, 2008, the court denied appellant's request for the credit for time served while he was a resident of the YMCA Bridge House. On June 25, 2008, appellant filed a notice of appeal to Superior Court. On July 14, 2008, this court ordered the defendant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed his concise statement on July 28, 2008.

## MATTERS COMPLAINED OF ON APPEAL

Appellant's concise statement reads as follows:

"The sentencing court erred in failing to award appellant credit toward his sentence for the time that he spent in a treatment facility (141 days) as required by the Adult Probation Office as part of the appellant's 'ordered probation.'"

In essence appellant challenges the discretionary aspects of his sentence because the court failed to award him credit for time served while he was a resident of the YMCA Bridge House treatment facility.

## DISCUSSION

Appellant, in essence, argues that the court abused its discretion when it failed to give him credit for time served toward his sentence of incarceration for the time that he was a resident at the YMCA Bridge House. Appellant argues that as a condition of his probation/parole, he was required by his probation officer to reside at the YMCA Bridge House. Notes of colloquy, Gagnon II hearing, 05/28/08, at 2 (N.C.). Appellant argues that his residency at the YMCA Bridge House was tantamount to incarceration. Appellant argues that his freedom was restricted because he was required to sign in and sign out at the Bridge House, and he was allowed to leave for no more than four hours at a time.

An appellant has no absolute right to appellate review of his sentence. 42 Pa.C.S. §9781; *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617 (2002). Rather, the appellant may have his sentence reviewed on appeal only if the Superior Court determines that, "there is a substantial question that this sentence . . . is not appropriate under the Sentencing Code." *Commonwealth v. Bromley,* 862 A.2d 598, 604 (Pa. Super. 2004); *Mouzon,* 571 Pa. at 425, 812 A.2d at 627. For a substantial question to exist, the appellant must state reasons that create doubt that this court sentenced the appellant without properly considering the sentencing guidelines or the norms underlying the sentencing process. See *Commonwealth v. Koehler,* 558 Pa. 334, 737 A.2d 225 (1999).

In the instant case, appellant's sole argument is that the court erred in refusing to give him credit for time served for the time that he was a resident in the YMCA Bridge House. However, the court believes that the appellant fails to present a substantial question for review and therefore, this appeal should be dismissed.

Nevertheless, assuming arguendo, a substantial question has been raised by appellant, the judgment of sentence should still be affirmed.

A sentence will not be overturned by an appellate court unless the record shows a manifest abuse of discretion, which is more than mere error in judgment. *Commonwealth v. Redman,* 864 A.2d 566, 569 (Pa. Super. 2004), citing *Commonwealth v. Cunningham,* 805 A.2d 566 (Pa. Super. 2002). A manifest abuse of discretion may be found only where the record establishes that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa. Super. 1999). The decision of the sentencing judge should be given great deference since he or she is in the best position to view the defendant and to evaluate the individual circumstances of the case. *Commonwealth v. Walls,* 592 Pa. 557, 569-70, 926 A.2d 957, 964-65 (2007).

Whether or not the defendant is entitled to credit for time served is governed by the Sentencing Code 42 Pa.C.S. §9760 which provides in relevant part as follows:

"[A]fter reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

"(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed as a result of conduct on which such a charge is based. Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentencing, and pending the resolution of the appeal." 42 Pa.C.S. §9760.

"The principle underlying [the Sentencing Code] is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense. See *Commonwealth v. Hollawell,* 413 Pa. Super. 42, 46, 604 A.2d 723, 725 (1992).

The question here then is whether or not appellant was in custody while he was a resident at the YMCA Bridge House program. In *Commonwealth v. Kyle,* 582 Pa. 624, 874 A.2d 12 (2005) the Supreme Court recognized that the definition of "custody", as used in section 9760, may include time spent in an institutional setting such as an inpatient alcohol treatment facility.

Here, it is unclear from the record whether the YMCA Bridge House was such an inpatient treatment facility. Appellant's counsel, at the colloquy of May 28, 2008, stated on the record that appellant was required to sign in and sign out of the facility and that he was allowed to leave the facility for no more than four hours at a time. N.C. at 3. The record is void of any other information concerning the constraints placed on appellant's freedom while he was residing at the YMCA Bridge House. Therefore, this court is unable to conclude whether or not the YMCA Bridge House would constitute an institutional setting to meet the test set forth in *Commonwealth v. Kyle* so as to

be considered the equivalent of custody pursuant to section 9760 of the Sentencing Code.

However, assuming arguendo, that the YMCA Bridge House would constitute an inpatient treatment facility that would be tantamount to custody pursuant to section 9760 and assuming that appellant could be given credit for the time that he was a resident at the YMCA Bridge House, nevertheless, "it is within the trial court's discretion whether to credit time spent in an institutionalized rehabilitation and treatment program as time served 'in custody.'" *Commonwealth v. Fowler,* 930 A.2d 586 (Pa. Super. 2007), citing *Commonwealth v. Koskey,* 571 Pa. 241, 812 A.2d 509 (2002). In *Fowler,* the Superior Court, cited as controlling authority the Supreme Court's holding in *Commonwealth v. Conahan,* 527 Pa. 199, 589 A.2d 1107 (1991). In *Conahan,* the Supreme Court considered the defendant's inpatient treatment at a custodial alcohol rehabilitation program as a "sufficient institutional setting" to constitute custody. The Supreme Court in *Conahan* further stated:

"Clearly our acceptance of this type of inpatient 'institutional rehabilitation' no way *entitles* one to a credit for such rehabilitative commitment *as of right.* Rather, it is only an expressed approval of credits for such commitment that the sentencing court in its discretion deems to be sufficient." *Id.* at 204, 589 A.2d at 1110. (emphasis in original)

In summary, the appellate courts have clearly held that it is within the trial court's discretion whether or not to award a defendant credit for time served in an institutional rehabilitative setting. Further, our Supreme Court has recently emphasized the following:

48

"When a court comes to a conclusion through the exercise of its discretion, there is a heavy burden to show that this discretion has been abused." *Commonwealth v. Eichinger,* 591 Pa. 1, 30, 915 A.2d 1122, 1140 (2007).

Here, the court exercised its discretion in rejecting appellant's claim for credit for the time that he was a resident of the YMCA Bridge House. The court placed, on the record, its reasons for rejecting appellant's request for credit for the time that he was a resident of the YMCA Bridge House. The court noted on the record, as follows:

"Mr. Wadelington, you have a problem. You really have a problem accepting supervision. I can see you have a problem accepting the authority of the court, the authority of your probation officer. I gave you a break in December [referring to appellant's prior parole violation]. I could have maxed you out then. I gave you time served Mr. Wadelington you had your breaks. You've had so many breaks. Your attitude is the problem. Your refusal to realize that we have been bending over backwards with you and you have been failing at every turn. Now you know I think everybody deserves a break. You got two breaks. You got probation the first time instead of going to jail." N.C. at 13-14.

Therefore, the court had adequate reasons to refuse appellant's request for credit for time served while a resident of the YMCA Bridge House. It is evident from the record, that the court carefully considered appellant's personal situation, his failure to comply with the terms and conditions of his probation/parole and his repeated failures to cooperate with his probation officer.

Therefore, the court's refusal to give appellant credit for the time that he was a resident at the YMCA Bridge House was reasonable, supported by the facts on the record, and demonstrates that the court properly exercised its discretion. Certainly the court's decision does not constitute an abuse of discretion. See *Eichinger, supra.*

## CONCLUSION

Accordingly, we respectfully request that appellant's allegation of error be denied that the judgment of sentence be affirmed.