J-S04021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CLARENCE RAY PETERS, | |
| Appellant | No. 1133 MDA 2014 |

Appeal from the Judgment of Sentence entered June 4, 2014,
in the Court of Common Pleas of Lackawanna County,
Criminal Division, at No(s): CP-35-CR-0001316-2013
and CP-35-CR-0002006-2013

BEFORE:  BOWES, ALLEN, and STRASSBURGER,* JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED FEBRUARY 03, 2015**

Clarence Peters, ("Appellant"), appeals from the judgment of sentence imposed following his convictions for possession of drug paraphernalia at Docket No. 1316 of 2013, and possession of drug paraphernalia at Docket No, 2006-2013.[1]  We affirm.

On July 29, 2013, Appellant pled guilty at Docket No. 1316-2013 to one count of possession of drug paraphernalia.  On October 29, 2013, the trial court sentenced Appellant to county intermediate punishment ("CIP") with work release, with three months to be served in the Lackawanna

_____

[1]35 Pa.C.S.A. §§ 780-113(a)(32).

*Retired Senior Judge assigned to the Superior Court.

County Prison, to be followed by three months of house arrest, and a consecutive 18 months of probation.[2]

On October 19, 2013, Appellant pled guilty at Docket No. 2006-2013 to one count of possession of drug paraphernalia and was sentenced that same day to one (1) year of probation consecutive to the sentence imposed at Docket No. 1316-2013.

On April 2, 2014, the trial court scheduled a revocation hearing based on Appellant's failure to comply with his CIP sentence. At the hearing, Appellant informed the trial court that he refused to participate in either house arrest or work release because of his problems with drug addiction, which he feared would recur if he left the Lackawanna County Prison; Appellant also asserted that he did not have a residence plan necessary for participation in the house arrest program. N.T., 4/2/14, at 2. Thereafter, on June 4, 2014, the trial court revoked Appellant's original sentences and resentenced him to a term of imprisonment of six (6) to twelve (12) months at Docket No. 1316-2013, and a consecutive six (6) to twelve (12) months of imprisonment at Docket No. 2006-2013, for an aggregate sentence of

---

[2] "Intermediate punishment is an alternative to total confinement." **Commonwealth v. Stevenson**, 850 A.2d 1268, 1272 (Pa. Super. 2004) (*en banc*) (citing 42 Pa.C.S.A. § 9721(a). "Intermediate punishment is described as the conditions that a court can place on a defendant in lieu of total or partial confinement." **Commonwealth v. Koskey**, 812 A.2d 509, 512 (Pa. 2002).

twelve (12) to twenty-four (24) months of imprisonment in a state correctional institution.

Appellant filed a post-sentence motion on June 9, 2014, which the trial court denied on June 10, 2014. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant argues that the trial court abused its discretion when it sentenced him to a term of imprisonment of twelve (12) to twenty-four (24) months in a state correctional institution. Specifically, Appellant claims that his sentence is unduly harsh and excessive, and that the trial court failed to place adequate reasons on the record for the sentence. Appellant's Brief at 8-13.

A challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these

- 3 -

four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).

Appellant has preserved his claim by filing a post-sentence motion and timely notice of appeal. Appellant has additionally included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). ***See*** Appellant's Brief at 29-30. Moreover, Appellant's argument that the trial court failed to state adequate reasons on the record for the sentence presents a substantial question for our review. ***Commonwealth v. Booze***, 953 A.2d 1263, 1268 (Pa. Super. 2008). We therefore proceed to address the merits of this appeal.

Appellant was sentenced to an aggregate term of twelve (12) to twenty-four (24) months of imprisonment after he was originally sentenced to CIP, but refused to be released on work release or house arrest as required by the terms of the sentence. As a result, Appellant was found to be in violation of the conditions of his CIP sentence, and the trial court revoked his sentence and resentenced him in accordance with 42 Pa.C.S.A. § 9773 (Revocation of county intermediate punishment sentence) which provides:

> (a) General rule.--The court may at any time terminate a sentence of county intermediate punishment or increase or decrease the conditions of a sentence pursuant to section 9763 (relating to sentence of county intermediate punishment).

(b) Revocation.--The court may revoke a sentence of county intermediate punishment upon proof of a violation of specific conditions of the sentence. Upon revocation and subject to section 9763(d), the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. Upon a revocation of county intermediate punishment for any reason specified by law, the attorney for the Commonwealth may file notice, at any time prior to resentencing, of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence. Consideration shall be given to the time served in the county intermediate punishment program.

(c) Hearing required.--A court shall not revoke or increase the conditions of a sentence of county intermediate punishment without a hearing at which the court shall consider the record of the initial sentencing proceeding as well as the conduct of the defendant while serving a sentence of county intermediate punishment. A hearing is not required to decrease the conditions of the sentence.

Appellant argues that in resentencing, the trial court failed to provide on the record adequate reasons in accordance with 42 Pa.C.S.A. § 9721(b), which sets forth the general standards applicable to sentencing, in pertinent part as follows:

[T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing ...

***In every case in which the court ... resentences an offender following revocation of*** probation, ***county intermediate punishment*** or State intermediate punishment ... ***the court shall make as a part of the record, and disclose in open court at the time of***

> ***sentencing, a statement of the reason or reasons for the sentence imposed***.

42 Pa.C.S.A. § 9721(b) (emphasis added).

Here, the record reflects that the proceedings to revoke Appellant's original CIP sentence were initiated after Appellant's refusal to comply with the conditions which required him to participate in a work release program and serve a portion of his sentence on house arrest. ***See*** Trial Court Opinion, 10/31/14, at 4. Based on Appellant's refusal to comply with his CIP sentence, the trial court scheduled a revocation hearing on April 2, 2014. At the hearing, Appellant's counsel explained Appellant's refusal to comply with his CIP sentence:

> [Regarding Appellant's] refusal to do either work release or house arrest, basically, [Appellant] told me he has an addiction. It's heroin. He doesn't want to risk drug use which is why he doesn't want to go on work release. And he doesn't really have a legitimate home plan for him to go on house arrest.

N.T., 4/2/14, at 2.

The trial court responded by offering Appellant a sentence of State Intermediate Punishment ("SIP"), instructing Appellant that "with State IP ... you could get yourself some treatment if that's your concern." ***Id***. at 3. The trial court then continued the sentencing hearing for Appellant to evaluate whether he would like to participate in a SIP program.

On June 4, 2014, the trial court convened a second hearing, at which Appellant rejected the trial court's proposal of a SIP sentence, and asked the trial court to instead impose a sentence that would allow him to remain in

Lackawanna County rather than be transferred to the State Department of Corrections. Specifically, Appellant stated:

> I just want to say I don't want you to take me refusing State IP as disrespect by any means. [With regard to the original County IP sentence] when it was time for me to go to house arrest ... it wasn't a good time for me to go home. I wasn't ready. It was only 90 days. I still had things to work out.

N.T., 6/4/14, at 2-3. Thereafter, the trial court resentenced Appellant to twelve (12) to twenty-four (24) months of imprisonment in a state correctional institution.

Based on our review of the record, we disagree with Appellant's contention that the trial court failed to place adequate reasons on the record for the sentence. The record is replete with the trial court's efforts to accommodate Appellant's rejection of a CIP sentence that required him to be released on work release/house arrest. To this end, the trial court offered Appellant the option of participating in a SIP program, through which Appellant could receive treatment for his drug addiction. After Appellant rejected the offer of SIP, the trial court sentenced him to a term of imprisonment of twelve (12) to twenty-four (24) months. Appellant is dissatisfied with the trial court's decision to sentence him to serve his term of imprisonment in a state correctional facility rather than the Lackawanna County Jail. Appellant's dissatisfaction with the trial court's refusal to place him in the Lackawanna County jail for the remainder of his sentence does not constitute an abuse of discretion in light of the trial court's efforts to

accommodate Appellant's rehabilitative needs by offering him both county and state intermediate punishment, both of which Appellant rejected. "A sentencing court has broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding his crime. However, the choices must be consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Commonwealth v. Moore*, 617 A.2d 8, 12 (Pa. Super. 1992). The trial court clearly considered Appellant's rehabilitative needs and the protection of the public and the various sentencing alternatives available. The fact that Appellant elected not to proceed with his CIP sentence and also rejected the trial court's offer of SIP with drug rehabilitation services, does not constitute an abuse of the trial court's discretion.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2015