J-S34024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER MARTIN HEINBACH | : | |
| | : | |
| Appellant | : | No. 222 MDA 2021 |

Appeal from the PCRA Order Entered January 21, 2021
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s):  CP-66-CR-0000479-2013

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED: FEBRUARY 17, 2022**

Walter Martin Heinbach appeals from the order denying his Post Conviction Relief Act petition, 42 PA.C.S.A. §§ 9541-9546. Heinbach claims the court erred in calculating his credit for time served because it failed to award credit for the time he spent participating in the state intermediate punishment program ("SIP program"). We affirm.

In April 2014, Heinbach pleaded guilty to prohibited offensive weapons and driving under the influence of alcohol -- highest rate of alcohol. 18 Pa.C.S.A. § 908(a) and 75 Pa.C.S.A. § 3802(c). In October 2014, the trial court sentenced him to 24 months' participation in the SIP program. He was given 189 days credit.

Heinbach was expelled from the SIP program, and the trial court resentenced him in April 2016 to 19 to 66 months' incarceration, with 403 days credit. Heinbach filed a timely notice of appeal. This Court concluded the

trial court erred in failing to conduct a revocation hearing prior to resentencing Heinbach, vacated the sentence, and remanded to the trial court.

On remand, in May 2017, the trial court revoked Heinbach's SIP program sentence and resentenced him to 19 to 66 months' incarceration, with 780 days' credit. Heinbach filed a *pro se* notice of appeal. His counsel filed a petition to withdraw as counsel and what counsel styled as a "no merit" letter in the trial court. One of the issues counsel identified was whether the trial court had erred in calculating credit for time served. In this Court, in July 2017, Heinbach filed a *pro se* motion to withdraw the appeal. This Court remanded for the trial court to conduct a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1988). The trial court re-appointed prior counsel, who discontinued the appeal in November 2017.

Approximately seven months later, in June 2018, Heinbach filed a *pro se* PCRA petition asserting that the trial court had erroneously calculated the credit for time served. The PCRA court issued notice of its intent to dismiss the petition. ***See*** Pa.R.Crim.P. 907. Before the court had actually dismissed the petition, Heinbach filed a notice of appeal. This Court directed the PCRA court to conduct a hearing to determine whether Heinbach wanted counsel. The PCRA court held such a hearing and appointed counsel. This Court discontinued the appeal and remanded the matter to allow Heinbach to file an amended PCRA petition.

Heinbach filed an amended petition claiming he should have received credit for 1,341 days of time served. The court held a hearing on the amended

petition and Heinbach argued he should receive credit for time spent at the Scranton Community Correctional Center. According to testimony at the hearing, the Scranton Community Correctional Center is a facility run by the Pennsylvania Department of Corrections and is what is sometimes known as a halfway house. N.T., 11/11/2020, at 14, 20. The PCRA court dismissed the petition.

Heinbach filed this timely appeal and raises the following issues:

> [1.] Did the PCRA Court err in denying [Heinbach's] Second Amended Post-Conviction Collateral Relief Act Petition when the Trial Court erred by failing to award Defendant the proper amount of credit for time spent in "custody" prior to the Sentencing Order of May 10, 2017, resulting in an excessive sentence that is illegal.

> [2.] Did the PCRA Court err in denying [Heinbach's] Second Amended Post-Conviction Collateral Relief Act Petition when the PCRA Court erred when PCRA Court found that the [Heinbach] waived his direct appeal rights when he may not have made a knowing and voluntary waiver resulting in the deprivation of this fundamental right of appeal by way of ineffective assistance of counsel resulting in the excessive and illegal Sentencing Order of May 10, 2017?

Heinbach's Br. at 6.

Heinbach's appellate brief claims he spent 1,308 days in custody (rather than the 1,341 he claimed in his amended petition) for the charges at issue but received credit for only 780 days. He argues that he is due credit for the time he spent in the SIP program because "[c]ourts have interpreted the word 'custody', as used in [42 Pa.C.S. §] 9760, to mean time spent in an institutional setting such as, at a minimum, an inpatient alcohol treatment facility." Heinbach's Br. at 20 (citations omitted). He further notes that it is

within the court's discretion under Section 9760 to award credit for time served in an institutionalized rehabilitation or treatment program as time served. *Id.* at 21. He argues that custody is broader than imprisonment and that if he had left any of the facilities where he spent time, he would have been charged with escape. He further argues that he did not knowingly or voluntarily waive his direct appeal rights regarding his credit for time served and his direct appeal counsel was ineffective.

"A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence." ***Commonwealth v. Gibbs***, 181 A.3d 1165, 1166 (Pa.Super. 2018) (quoting ***Commonwealth v. Johnson***, 967 A.2d 1001, 1003 (Pa.Super. 2009)). Such issues are cognizable under the PCRA. ***See Commonwealth v. Moore***, 247 A.3d 990, 993 (Pa. 2021) ("A claim a petitioner is serving an illegal sentence is cognizable under the PCRA, as long as the claim is raised in a timely petition."); ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa.Super. 2007) (quoting ***Commonwealth v. Menezes***, 871 A.2d 204, 207 (Pa.Super. 2005)).

The trial court and the Commonwealth contend that Heinbach waived this claim because he withdrew his direct appeal, which also raised the issue of credit for time served. We disagree. Because a claim that the court failed to award credit for time served raises an illegal sentence claim it cannot be waived and can be raised in a timely PCRA petition. ***See Commonwealth v. Hill***, 238 A.3d 399, 407-08 (Pa. 2020) (appellate courts can address illegality of sentence issues even if not raised before the trial court and can raise

illegality of sentence issues *sua sponte*). The instant PCRA petition was timely as it was filed within one year after the discontinuance of the appeal from his SIP resentencing. ***See Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa.Super. 1997).

The Sentencing Code provides:

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(a).

Heinbach was sentenced to the SIP program in 2014. At that time, the program[1] included the following requirements:

> **(b) Duration and components.**-Notwithstanding any credit to which the defendant may be entitled under Section 9760 (relating to credit for time served), the duration of the drug offender treatment program shall be 24 months and shall include the following:
>
> (1) A period in a State correctional institution of not less than seven months. This period shall include:

_____

[1] The legislature amended this program in 2019, and when doing so, among other changes, it amended or removed the revocation and re-sentencing provisions. ***See*** Act No. 2019-115, S.B. No. 501; ***see Commonwealth v. Williams***, 263 A.3d 1, 4-6 (Pa.Super. 2021) (noting Section 9774 was repealed and Section 4105 was amended).

(i) The time during which the defendants are being evaluated by the department under section 4104(b) (relating to referral to State intermediate punishment program).

(ii) Following evaluation under subparagraph (i), not less than four months shall be in an institutional therapeutic community.

(2) A period of treatment in a community-based therapeutic community of at least two months.

(3) A period of at least six-months' treatment through an outpatient addiction treatment facility. During the outpatient addiction treatment period of the drug offender treatment program, the participant may be housed in a community corrections center or group home or placed in an approved transitional residence. The participant must comply with any conditions established by the department regardless of where the participant resides during the outpatient addiction treatment portion of the drug offender treatment program.

(4) A period of supervised reintegration into the community for the balance of the drug offender treatment program, during which the participant shall continue to be supervised by the department and comply with any conditions imposed by the department.

61 Pa.C.S.A. § 4105(b) (2009, am. 2012).[2]

The statute allowed for expulsion from the SIP program:

**(f) Expulsion from program.**-

(1) A participant may be expelled from the drug offender treatment program at any time in accordance with guidelines established by the department, including failure to comply with administrative or disciplinary procedures or requirements set forth by the department.

_____

[2] This statute was amended again in 2019, effective February 18, 2020. Because Heinbach's sentence and re-sentence were prior to the 2019 amendments, we cite and apply the prior version in this memorandum.

(2) The department shall promptly notify the court, the defendant, the attorney for the Commonwealth and the commission of the expulsion of a participant from the drug offender treatment program and the reason for such expulsion. The participant shall be housed in a State correctional institution or county jail pending action by the court.

(3) The court shall schedule a prompt State intermediate punishment revocation hearing pursuant to 42 Pa.C.S. § 9774 (relating to revocation of State intermediate punishment sentence).

61 Pa.C.S.A. § 4105(f).

At the time of Heinbach's sentence and revocation, the statute provided that "[u]pon revocation of a State intermediate punishment sentence, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing." 42 Pa.C.S.A. § 9774(c) (2004, amd'd 2010; repealed by Act of 2019, Dec. 18, P.L. 776, No. 115 § 5)).

In **Commonwealth v. Kuykendall**, 2 A.3d 559 (Pa.Super. 2010), we noted that "[w]hen a defendant is sentenced to SIP, he is made aware that he is subject to re-sentencing if he does not successfully complete the program." **Id.** at 564. Further, "[t]he potential for a SIP revocation hearing 'is an integral part of the original conditional sentence the purpose of which is to establish to the satisfaction of the court that granted [SIP], that the individual's conduct warrants continuing him' in the program." **Id.** (alteration in original). We concluded that "[i]n exchange for admittance into SIP, the defendant surrenders his statutory right to credit for time served while housed

in a county correctional institution or non-Pennsylvania state correctional facility." **Id.** at 565.

In **Commonwealth v. Koskey**, 812 A.2d 509, 514 (Pa. 2002), the Pennsylvania Supreme Court found that the legislature "intended imprisonment and intermediate punishment to be mutually exclusive and to be treated differently." The Court noted that the statute "clearly distinguishes between incarceration, *i.e.*, imprisonment, and intermediate punishment." **Id.** at 514, n.7. Further, in **Commonwealth v. Lee**, 182 A.3d 481, 487 (Pa.Super. 2018), we concluded that the trial court did not err in finding the appellant was not entitled to time spent at the Scranton Community Corrections Center as part of his SIP program.

Here, Heinbach argues that the court erred in failing to credit him for time spent in the SIP program. However, he failed to complete the SIP program and the court did not err in finding he was not entitled to credit for the time he spent in the program.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/17/2022

- 8 -