589 A.2d 1107

COMMONWEALTH of Pennsylvania, Appellee,

v.

**John Joseph CONAHAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 14, 1991.

Decided April 24, 1991.

Francis R. Lord, Media, for appellant.

Joseph J. Mittleman, Asst. Dist. Atty., Stuart Suss, Deputy Dist. Atty., James P. MacElree, II, Dist. Atty., for amicus—Dist. Atty. of Chester County.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The issue before this Court is whether the Superior Court erred in determining that the mandatory sentence for driving under the influence, 75 Pa.C.S. § 3731, precludes a credit for time served voluntarily in inpatient alcohol rehabilitation. We find that time served in such "institutionalized" rehabilitation is sufficient "custody" for purposes of crediting "time served" because it falls within the definition of "imprisonment." Accordingly, since Conahan was sentenced initially to the mandatory minimum, it was thereafter within the discretion of the trial court to award him credit for the time he served in inpatient alcohol rehabilitation. We therefore reverse the order of the Superior Court.

On February 8, 1988, the Upper Providence Township Police responded to a motor vehicle accident on an exit ramp of U.S. Route One. The police found an unattended motor vehicle blocking the exit ramp. An officer conducted a search of the area and located John Joseph Conahan, who appeared to be intoxicated. Conahan failed to adequately perform field sobriety tests and was arrested for driving under the influence of alcohol, 75 Pa.C.S. § 3731.

On February 29, 1988, Conahan voluntarily commenced inpatient treatment for alcoholism, which lasted for ninety-five consecutive days. On October 3, 1988, Conahan pled guilty to driving under the influence of alcohol. 75 Pa.C.S. § 3731. On November 7, 1988, pursuant to 75 Pa.C.S. § 3731(e) the trial court sentenced Conahan (a second time offender) to imprisonment for a minimum of thirty days and a maximum of one year. The trial court pursuant to 42 Pa.C.S. § 9760 then credited Conahan for his ninety-five

days of "custodial treatment" and granted immediate parole. In so doing, the trial court recognized not only the concern of the Legislature with "imprisonment," but also its concern with educating the public and treating underlying alcohol problems. Accordingly, the trial court determined that time served in a restrictive treatment facility is sufficient "imprisonment" within the meaning of 75 Pa.C.S. § 3731.

On appeal, the Superior Court determined that Conahan was not entitled to a credit for voluntary inpatient alcohol treatment and reversed the decision of the trial court. The Superior Court determined that the legislative history shows that the primary purpose of the mandatory minimum sentence provided in 75 Pa.C.S. § 3731(e) was to punish, not to rehabilitate. It further determined that the Legislature did not intend the word "imprisonment" in Section 3731(e) to encompass inpatient treatment programs. Finally, it determined that Conahan failed to establish that his confinement was involuntary. 388 Pa.Super. 369, 565 A.2d 798. We disagree.

There is no dispute that Conahan was convicted of a second offense of driving under the influence of alcohol. Accordingly, 75 Pa.C.S. § 3731(e) provides for a mandatory thirty days imprisonment as follows:

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

Conahan argues that in enacting 75 Pa.C.S. § 3731, the Legislature did nothing to define the term "imprisonment" and did not deprive the trial court of its power to award credit for time served in inpatient custodial alcohol rehabilitation. We agree.

Pursuant to 42 Pa.C.S. § 9760, a defendant may be given a credit for time spent in custody, and we firmly believe that "custody" in this sense includes time spent in institutionalized rehabilitation and treatment programs. However, the Commonwealth argues that the mandatory sentence provided by 75 Pa.C.S. § 3731(e) should be construed as an exception to this general rule because the Legislature intended "imprisonment" to mean jail and not other forms of custody.

We recognize that the term "imprisonment" immediately conjures the image of being involuntarily confined behind bars. However, the dictionary definition and common usage is more encompassing. "Imprisonment" is defined as:

The act of putting or confining a man in prison. The restraint of a man's personal liberty; coercion exercised upon a person to prevent the free exercise of his powers of locomotion. It is not a necessary part of the definition that the confinement should be in a place usually appropriated to that purpose; it may be in a locality used only for the specific occasion; or it may take place without the actual application of any physical agencies of restraint (such as locks or bars), as by verbal compulsion and the display of available force. Every confinement of the person is an "imprisonment," whether it be in a prison, or in a private house, or even by forcibly detaining one in the public streets. Any unlawful exercise or show of force by which person is compelled to remain where he does not wish to be.

Black's Law Dictionary (5th ed. 1979).

In *Commonwealth v. Kriston*, 527 Pa. 90, 588 A.2d 898 (1991), this Court sought to further define "imprisonment" as provided in 75 Pa.C.S. § 3731(e), and through the application of principles of statutory construction, we determined that:

The legislature has expressly removed from consideration sentencing alternatives such as probation and partial confinement in cases, such as the present one, where a mandatory minimum sentence is provided by law. We

believe this demonstrates an intent that a mandatory sentence of imprisonment is to be carried out through *actual imprisonment in an institutional setting rather than through a lesser means.* (527 Pa. p. 96, 588 A.2d p. 900) (Emphasis added).

This conclusion was sufficient to dispose of this issue in that case because it concerned the propriety of a credit awarded for time served in a home monitoring program, which clearly did not involve service in an "institutional setting."

In *Kriston* we were concerned with the non-custodial nature of a sentence being served in a personal residence. While it is true that one subject to home monitoring has his liberty restrained and risks being sent to prison if he violates the terms of the program, we could not hold that such a sentence was sufficient to satisfy the goals of the Legislature given the abundant amenities and nonrehabilitative temptations present in the home. However, in the case *sub judice* our definition of "imprisonment" compels a different result.

Conahan voluntarily committed himself to inpatient custodial alcohol rehabilitation, which he successfully completed after devoting ninety-five continuous days towards overcoming his disease. We find that his successful completion of this custodial inpatient rehabilitation, which took place in three hospitals, falls within the common meaning of "imprisonment" and is a sufficient "institutional setting" as contemplated by this Court in *Kriston.*

In reaching this result, we are persuaded by the fact that: Conahan voluntarily and at his own expense entered a custodial hospital environment for well in excess of the applicable mandatory minimum sentence; Conahan was restrained of his liberties during the entire time of his confinement in that if he had violated this custody by "walking away" he would not have received credit; and that he has taken responsibility for his alcoholism and maintained his sobriety through application of principles acquired during

his rehabilitation and subsequent dedication to the ideology of Alcoholics Anonymous.

We find Conahan's rehabilitation to be in line with the ultimate goal of preventing the tragic fatalities and wasteful destruction caused by this disease. To hold otherwise would ignore the true cause of the carnage currently being suffered and a proper manner in which to deal with it. While we are mindful of the punitive and deterrent effects of time actually spent in prison, we believe that institutionalized rehabilitation serves to punish and deter while increasing the likelihood that alcoholics will gain control over their decision not to drive under the influence of alcohol.

Clearly, our acceptance of this type of inpatient "institutional rehabilitation" in no way *entitles* one accused of driving under the influence of alcohol to a credit for such rehabilitative commitment *as of right*. Rather, it is only an express approval of credits for such commitment that the sentencing court in its discretion deems to be sufficient. Accordingly, we hold that the trial court properly sentenced Conahan to the mandatory minimum term of imprisonment, and then acted well within its discretion in awarding Conahan a credit of thirty days for time served in inpatient institutional rehabilitation and in granting him immediate parole. It is clear that the court must sentence the offender to the mandatory minimum, *Commonwealth v. Sojourner*, 513 Pa. 36, 518 A.2d 1145 (1986), but that the court in its discretion may thereafter judicially approve transfer of the offender from prison to an acceptable institution that has agreed to accept the offender for inpatient rehabilitation, or immediately after sentencing award credit for such commitment already completed.[1]

1. We note that on December 19, 1990, the Legislature enacted the County Intermediate Punishment Act, Act No. 1990–193 (SB718). While this relatively new act does not apply to the facts herein, it evidences the Legislature's current position on the issue before this Court. The Act will allow sentencing courts in non-violent cases to utilize noncustodial programs authorized by the particular intermediate punishment program for its county. However, the Legislature has expressly limited the sentencing alternatives for those convicted of violating 75 Pa.C.S. § 3731 through Section 4(b)(3) of the Act, to wit:

The decision of the Superior Court is hereby reversed and the decision of the Court of Common Pleas of Delaware County is reinstated.

Reversed.

ZAPPALA and PAPADAKOS, JJ., concur in the result.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent, and, in support thereof, I adopt the within Superior Court opinion authored by the Honorable John P. Hester. *Commonwealth v. Conahan*, 388 Pa.Super. 369, 565 A.2d 798 (1989).

The majority has indulged in "blatant judicial interference." *See Cucchi v. Rollins Protective Services Co.*, 524 Pa. 514, 574 A.2d 565 (1990) (Cappy, J., dissenting). The legislature, in no uncertain terms, has prescribed that punishment is the treatment for those callous individuals who drink and drive at the same time. The majority would allow poor Johnny to confine himself to a Caribbean Island or a Caribbean cruise for thirty days and call it confinement/imprisonment because, if he terminated his vacation early, i.e., "broke his restraints," he could not receive credit for this "onerous imprisonment." What a sweetheart deal for criminals. Next thing we know, rapists will go free if they hide under their beds or in their closets sucking their thumbs.

Accordingly, I would affirm the order of the Superior Court which reversed and remanded for further proceedings.

Any person receiving a penalty imposed pursuant to 75 Pa.C.S. § 3731(e) (Relating to driving under influence of alcohol or a controlled substance) may only be sentenced to intermediate punishment program in:

(i) A residential inpatient program or a residential rehabilitative center; or

(ii) House arrest or electronic surveillance combined with drug and alcohol treatment.