J-S56029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY L. GEROW JR. | |
| Appellant | No. 193 MDA 2014 |

Appeal from the Judgment of Sentence of December 2, 2013
In the Court of Common Pleas of Bradford County
Criminal Division at No.: CP-08-CR-0000517-2013

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED SEPTEMBER 23, 2014**

Gary Gerow ("Gerow") appeals his December 2, 2013[1] judgment of sentence.  Because Gerow was entitled to credit for time served in an inpatient treatment facility as a condition of his bail, we vacate the judgment of sentence and remand with instructions.

On May 14, 2013, Gerow grabbed a purse from an eighty-six-year-old woman who was walking home from church.  Approximately twelve days later, Gerow went to the police station because he was aware that he was wanted for questioning.  Gerow admitted to the police that he stole the

_____

[*]     Retired Senior Judge assigned to the Superior Court.

[1]     Although the trial court states that Gerow was sentenced on December 5, 2013, the docket reflects December 2 as the date sentence was imposed.

victim's purse. He was charged with robbery, theft by unlawful taking, and receiving stolen property.[2]

On June 26, 2013, Gerow was released on pre-trial bail. Among the conditions of bail, Gerow was to "report to Rehab after Release." Order, 6/26/2013, at 2 (unnumbered). Gerow entered a detoxification program on July 24, 2013, entered inpatient treatment on July 29, 2013, and was discharged on August 14, 2013. However, he did not successfully complete the program.[3] Notes of Testimony ("N.T."), 1/27/2014, at 3.

On September 30, 2013, Gerow pled guilty to robbery graded as a third-degree felony. On December 2, 2013, Gerow was sentenced to six to twenty-three months of incarceration and was made eligible for work release. The remaining charges were dismissed.

On December 19, 2013, Gerow filed a counseled "Petition for Leave to File Post-Sentence Motion to Modify *Nunc Pro Tunc*." In the petition, Gerow alleged that he declined to file a post-sentence motion for fear of jeopardizing his eligibility for work release. When his work release

_____

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(v), 3921(a), and 3925(a), respectively.

[3] According to his discharge summary, Gerow attended daily meetings and education sessions, including life skills, anger management, and relapse prevention. Gerow also participated in individual sessions. Gerow did not relapse while in the program. However, Gerow "was unable to demonstrate any progress on goals and objectives as well as gain any kind of understanding of the disease concept and relapse prevention." Inpatient Discharge Summary, 8/14/2013, Exh. 2 to Gerow's Brief in Support of Petition for Leave to File Post Sentence Motion to Modify *Nunc Pro Tunc*.

application was denied, Gerow sought to pursue modification of his sentence, raising the issues of excessiveness of his sentence and failure to credit time served at the treatment facility.

On January 27, 2014, the trial court heard argument on the motion. On the same day, the court issued an oral order, indicating that it would permit the motion *nunc pro tunc* and would treat it as timely filed. N.T. at 10. After hearing the arguments on the merits of the motion, the court denied the request to credit time served and to modify the sentence. *Id.* at 11.

On January 30, 2014, Gerow filed a notice of appeal. The trial court ordered, and Gerow timely filed, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed its Pa.R.A.P. 1925(a) opinion.

Gerow raises two issues for our consideration:

I.   Whether the sentencing court erred in failing to grant [Gerow] credit toward his sentence for time served in an inpatient drug and alcohol rehabilitation facility when it was a pre-trial bail condition?

II.  Whether the sentence imposed by the trial court of six (6) to twenty-three (23) months of incarceration for one (1) count of robbery, a [felony] of the third degree, was excessive?

Gerow's Brief at 5.

Gerow first challenges the trial court's failure to credit him for the time he served in the inpatient rehabilitation facility. Credit for time served is controlled by statute, which states in pertinent part:

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> > (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760.

Our Supreme Court addressed a similar issue in *Commonwealth v. Conahan*, 589 A.2d 1107 (Pa. 1991). In *Conahan*, the defendant voluntarily entered into an inpatient treatment facility following an arrest for driving under the influence. *Id.* at 1108. The defendant was in the program for ninety-five days. After his treatment was completed, the trial court sentenced him to thirty days to one year of incarceration, provided credit for the ninety-five days that he spent in the treatment program, and immediately paroled the defendant. On appeal, this Court reversed, holding that "imprisonment" did not include inpatient treatment. *Id.*

The Supreme Court disagreed and held that a defendant must be given credit for time served in custody, pursuant to section 9760. However, the Court explained that custody "includes time spent in institutionalized

rehabilitation and treatment programs." *Id.* at 1109. The Court also enumerated the following factors that persuaded it that the time spent in inpatient treatment should be credited toward the defendant's sentence: the defendant's voluntary commitment exceeded the applicable statutory minimum sentence; the defendant's right of movement was restricted in the program and had he not completed the program, credit would not have been due; and the defendant had taken responsibility for his actions and maintained sobriety. *Id.* Finally, the Court determined that credit for time served was not an entitlement, but was within the discretion of the sentencing court. The Court concluded that the sentencing court had acted within its discretion in granting the defendant credit for the ninety-five days spent in the treatment program. *Id.* at 1110.

Later that year, this Court resolved a similar issue in which participation in the treatment program was required by the trial court as a condition of bail. In that case, the defendant was arrested for driving under the influence. **Commonwealth v. Cozzone**, 593 A.2d 860, 861 (Pa. Super. 1991). After being convicted, but before he was sentenced, the defendant was arrested again for driving under the influence. He was released on bail with the condition that he enter an inpatient alcohol treatment center. He did so and stayed in treatment for thirty-two days, but was not credited for that time when the trial court sentenced him. One of his issues on appeal was the trial court's failure to credit him with those thirty-two days. *Id.*

Reviewing prior cases that gave credit for time served in a state hospital for a mental health evaluation and a juvenile residential drug and alcohol treatment program, we held that the defendant had been in custody during the time that he spent in the inpatient treatment center. *Id.* at 866-67. We noted that, in *Conahan*, the defendant entered treatment voluntarily, but that in *Cozzone*, the treatment was required as a condition of bail. Therefore, we concluded that the defendant was "entitled to credit," and credit was not a matter of the court's discretion. *Id.* at 867-68.

More recently, we held that a PCRA court did not abuse its discretion in not giving credit for twenty-five months that the defendant spent in a drug treatment court program or the time that the defendant spent in inpatient treatment that was ordered by the court. *Commonwealth v. Fowler*, 930 A.2d 586, 599 (Pa. Super. 2007). In that case, the defendant was admitted into a drug treatment court, but ultimately his participation was revoked based upon violations of the conditions of his treatment. *Id.* at 589. In not awarding credit, the PCRA court focused upon the facts that the defendant's participation in the drug court was voluntary and that the inpatient facility "was not so restrictive as to constitute custody." *Id.* at 597. Based upon these findings, we determined that there was no abuse of discretion in the failure to give credit. *Id.* at 599.

Finally, in *Commonwealth v. Toland*, 995 A.2d 1242 (Pa. Super. 2010), we addressed the seeming contradiction between *Conahan*'s abuse of discretion standard and *Cozzone*'s entitlement to credit. In *Toland*, the

defendant, who was convicted of driving under the influence, sought credit for the time that he served in an inpatient alcohol rehabilitation center. *Id.* at 1243. The bail information stated that the defendant "shall enter and complete [a] comprehensive in-patient alcohol/drug treatment program." *Id.* at 1247. While on bail, the defendant was arrested for public drunkenness. Soon after, the defendant entered a treatment program in Oregon, followed by a second program in Arizona, for a total of 354 days. After completing these programs, the defendant was tried and found guilty of driving under the influence. Prior to trial, the defendant averred that he entered the treatment programs voluntarily. *Id.* at 1248. In reconciling the holdings of **Conahan** and **Cozzone**, we stated:

> Looking at these cases together, therefore, it seems that whether a defendant is entitled to credit for time spent in an inpatient drug or alcohol rehabilitation facility turns on the question of voluntariness. If a defendant is ordered into inpatient treatment by the court, *e.g.*, as an express condition of pre-trial bail, then he is entitled to credit for that time against his sentence. By contrast, if a defendant chooses to voluntarily commit himself to inpatient rehabilitation, then whether to approve credit for such commitment is a matter within the sound discretion of the court.

*Id.* at 1250-51 (citations omitted). Despite the bail information, the trial court found that inpatient treatment was not a bail condition. We concluded that the record supported that finding. *Id.* at 1251. We then affirmed the trial court's refusal to award credit as an appropriate use of its discretion, in part because the treatment program in which the defendant was admitted did not restrict or restrain his freedom. *Id.* at 1251-52.

- 7 -

Gerow urges us to follow ***Cozzone***. He argues that treatment was a condition of his bail and that he did not enter voluntarily. Therefore, he asserts that he is entitled to credit. Gerow argues that his success or failure in the program is not relevant to that entitlement. Gerow's Brief at 11-14.

The trial court acknowledged that Gerow entered treatment as a condition of bail. Trial Court Opinion ("T.C.O."), 5/19/2014, at 6. However, the court noted that no evidence was presented that the program restricted Gerow's freedom. Additionally, the court noted that Gerow did not return to jail after his discharge, but remained free on bail. ***Id.*** The court recognized ***Cozzone***, but believed that the failure to complete the program sufficiently distinguished that case. The trial court concluded that cooperation with the treatment program was an implicit condition of bail and that, because Gerow did not comply with that condition, he should not receive credit. ***Id.*** at 7. The Commonwealth concurred with the trial court's conclusions. Commonwealth's Brief at 3.

The ***Cozzone*** Court distinguished ***Conahan***, in which a defendant voluntarily entered a treatment program and the court was required to consider the characteristics of the treatment facility to determine whether the program constituted custody. ***Cozzone***, 593 A.2d at 867. Instead, we held that, when the treatment was involuntary, that time was "time spent in custody." We did so without reference to the restrictions on the defendant's freedom or to his success (or failure) in the treatment program, both of which were highlighted in ***Conahan***. ***Id.*** at 867-68. Therefore, to reconcile

- 8 -

the cases, as in *Toland*, we conclude that when the entry into treatment is voluntary, the restrictions placed on the defendant and the defendant's success in the program should factor into the trial court's discretion in awarding credit. However, when the treatment is mandated as a condition of bail, the involuntariness of the decision to enter treatment is sufficient in and of itself to entitle the defendant to credit pursuant to *Cozzone*. Here, the trial court found that the treatment program was a condition of bail. T.C.O. at 6, 7 ("his bail condition to be in a rehabilitation program"). Gerow should have received credit. Therefore, we vacate the judgment of sentence and remand the case to the trial court to provide Gerow with the credit to which he is entitled for the time he served at an inpatient treatment facility as a condition of his bail.

In his second issue, Gerow challenges the discretionary aspects of his sentence. Because his judgment of sentence has been vacated, this issue is mooted.[4]

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

_____

[4] However, we note that had we reached this issue, Gerow's Rule 2119(f) statement does not raise a substantial question. The statement does not contain "a plausible argument that [the] sentence is contrary to the Sentencing Code or the fundamental norms underlying the sentencing process." *Commonwealth v. Mouzon*, 812 A.2d 617, 627-28 (Pa. 2002). At best, Gerow offers a bald assertion that the court abused its discretion. A bald assertion will not raise a substantial question.

Panella, J. joins the memorandum.

Platt, J. concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2014