J. S10029/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES V. KUTCHERA, JR., | : | |
| | : | |
| Appellant | : | |
| | : | No. 2859 EDA 2016 |

Appeal from the Judgment of Sentence August 8, 2016
In the Court of Common Pleas of Carbon County
Criminal Division at No(s): CP-13-CR-0000225-2014
CP-13-CR-0000330-2014
CP-13-CR-0000414-2014
CP-13-CR-0000419-2014
CP-13-CR-0000538-2014
CP-13-CR-0001207-2013

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 28, 2017**

Appellant James V. Kutchera, Jr., seeks review of the Judgment of
Sentence imposed by the Carbon County Court of Common Pleas following
his guilty pleas entered in six separate cases. He avers that the trial court
abused its discretion in denying him credit for time he spent in drug
rehabilitation programs. After careful review, we affirm.

Appellant and the Commonwealth entered Stipulations in connection
with Appellant pleading guilty to four counts of DUI (controlled substance),
one count of Possession with Intent to Deliver ("PWID"), and one count of

Theft.[1]  The Stipulations for each of the DUI and PWID pleas indicate that Appellant would receive credit for successful inpatient treatment.

On August 8, 2016, the trial court held a sentencing hearing at which several witnesses testified on Appellant's behalf.  Relevant to this appeal, Gary Billings, Appellant's counselor at the Salvation Army Rehabilitation Center, testified about the rehabilitation program and explicitly stated that it is not considered an "inpatient" program. Notes of Testimony ("N.T.") Sentencing, 8/8/16, at 8.  Following testimony, the court sentenced Appellant to the negotiated aggregate term of incarceration of two years to twelve years less one day in a state corrections institute.  Against the sentence, the court granted Appellant credit for 27 days spent at White Deer Run for inpatient treatment and detoxification from February 12, 2014 to March 10, 2014; and 291 days in the Salvation Army's Four Step Program from May 13, 2014 to February 27, 2015, for a total of 318 days.

Appellant filed a Post-Sentence Motion for Reconsideration of Sentence, seeking additional credit of 310 days for time voluntarily spent in the Salvation Army's Extended Alumni Program between February 28, 2015, and January 4, 2016; and 63 days voluntarily spent in the Joy of Living Recovery Program from January 20, 2016 to March 23, 2016, for a total of

---

[1] Plea Stipulations on docket numbers 330 and 1207 were filed with the clerk of the court of common pleas on August 6, 2014; the Stipulations for docket numbers 414, 419, and 538 were filed on February 25, 2015.

373 days. On August 30, 2016, the court granted 42 days additional days of credit,[2] but otherwise denied the Motion without a hearing.

Appellant timely appealed. Both Appellant and the trial complied with Pa.R.A.P. 1925.

Appellant raises the following issues for review:

1. Whether the Trial Court erred in denying [Appellant] additional credit toward his Sentences for his successful completion of Salvation Army's Extended alumni Program of 310 days, in which he attended from February 28, 2015 to January 4, 2016.

2. Whether the Trial Court erred in denying [Appellant] additional credit toward his Sentences for his successful completion of the Joy of Living Recovery Program of 63 days, from January 20, 2016, to March 23, 2016.

Appellant's Brief at 3.

Appellant's claims implicate the legality of his sentence. *See Commonwealth v. Tobin*, 89 A.3d 663, 669 (Pa. Super. 2014) (recognizing that a claim based upon the failure to give credit for time served as a challenge to the legality of a sentence). "A claim challenging the legality of sentence is appealable as of right." *Commonwealth v. Hollawell*, 604 A.2d 723, 725 (Pa. Super. 1992); *Commonwealth v. Clark*, 885 A.2d 1030, 1032 (Pa. Super. 2005). Our scope and standard of review for illegal sentence claims is as follows:

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is

---

[2] The court applied the 42 days' additional credit to the PWID sentence.

illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

***Commonwealth v. Leverette***, 911 A.2d 998, 1001–02 (Pa. Super. 2006) (internal citations omitted).

We address Appellant's two issues together. Appellant avers that both the Salvation Army's Extended Alumni program and the Joy of Living Recovery Program have restrictions, ***i.e***., curfews, required attendance at group therapy sessions, required pre-approval for any off-site visits, regular chores, responsibilities, AA and NA fellowships, and volunteer work, thus, implying that those restrictions are akin to custody. ***See*** Appellant's Brief at 7, 9. He also states that because "he discussed going to drug rehab programs with the magistrate judges as part of his condition of bail," he "should be entitled to additional credit." ***Id***. at 10. Appellant also notes that the Commonwealth agreed in the Plea Stipulations that he "would receive credit toward his successful completion of his drug rehabilitation." ***Id***. at 10. Although not raised in his Statement of Questions Presented as a separate issue, he avers that "[t]o not give full credit violates the terms of the Commonwealth's Guilty Plea Stipulations." ***Id***. at 13-14.

With respect to sentencing generally, we observe:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record,

- 4 -

that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999)(internal citations and quotation marks omitted)..

42 Pa.C.S. § 9760 governs credit for time served.  It provides, in relevant part:

(1)    Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

"The principle underlying this statute is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense."  *Commonwealth v. Hollawell*, 604 A.2d 723, 725 (Pa. Super. 1992).  For purposes of section 9760, "time spent in custody" includes time spent in institutionalized rehabilitation and treatment programs that strictly supervise patients, monitor progress, and confine patients to the treatment facility.  *Commonwealth v. Conahan*, 589 A.2d 1107, 1109 (Pa. 1991) (Opinion of the Court).  If a defendant is court-ordered to confinement in an

institutional treatment facility before being sentenced, he is entitled to credit for the time spent in treatment. **Id**.[3]

There is, however, no automatic entitlement to credit for time a defendant voluntarily spends in inpatient treatment. **Commonwealth v. Toland**, 995 A.2d 1242, 1250 (Pa. Super. 2010). Rather, the sentencing court in its discretion may grant credit for this time. **Id**. 1250-51.

> Looking at these cases together, therefore, it seems that whether a defendant is entitled to credit for time spent in an inpatient drug or alcohol rehabilitation facility turns on the question of voluntariness. If a defendant is ordered into inpatient treatment by the court, *e.g.,* as an express condition of pre-trial bail, then he is entitled to credit for that time against his sentence. By contrast, if a defendant chooses to voluntarily commit himself to inpatient rehabilitation, then whether to approve credit for such commitment is a matter within the sound discretion of the court.

**Toland**, **supra**, at 1250–51 (internal citations omitted).

Most recently, in **Commonwealth v. Shull**, 148 A.3d 820 (Pa.Super. 2016), this court affirmed the denial of a defendant's request for credit for pre-trial time spent in inpatient treatment, notwithstanding that defendant's bail bond was modified to include as an additional condition of his release from jail that he remain in treatment at the facility where he voluntarily began treatment one week earlier and not leave unless accompanied by a

---

[3] Nonmonetary conditions of release on bail generally do not count as pre-sentence custody for which sentencing credit is due. **See, e.g., Commonwealth v. Kyle**, 874 A.2d 12, 20 (Pa. 2005) (discussing bail conditions, and holding that release on bail to home with electronic monitoring is not "custody" entitling one to sentence credit).

facility employee or for the purpose of attending a court hearing. We concluded that, as in **Toland**, **supra**, the defendant had voluntarily admitted himself into a treatment facility "not to avoid pretrial detention but, instead, to acquire for himself the best treatment available for his addiction and medical difficulties." **Shull**, **supra** at 849.

As Appellant correctly notes, a plea agreement is contractual in nature. Appellant's Brief at 13, citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1191 (Pa. Super. 2010). Our courts utilize "concepts closely associated with contract law when evaluating issues involving plea agreements." **Commonwealth v. Martinez**, 147 A.3d 517, 531 (Pa. 2016). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." **Id**. at 532 (citation omitted).

In addressing Appellant's issues raised on appeal, the trial court observed the following:

> In Defendant's *pro se* Petition filed on April 7, 2014, Defendant admitted to having voluntarily admitted himself for inpatient treatment at White Deer Run for twenty-seven days which ended on March 10, 2014, and that at the conclusion of this stay he was advised to enter a long-term treatment program, [which was] the basis for his request seeking court approval for admission into a long-term treatment facility for six months or more. In this Petition, Defendant expressly identifies the Salvation Army as the facility for which he was "waiting on a bed date," and also states that his father, mother and future wife supported his request. Implied, if not specifically stated in the Petition, is that his life and future depended on his getting long-term treatment.

On April 23, 2014, in response to Defendant's request, the magisterial district justice in the case docketed to No. 419 CR 2014 set bail at $1,000.00, 10%, and imposed as a condition of Defendant being released on bail that "Defendant must report to a Rehab within 30 days from today or bail will be revoked." Additionally, new charges in the cases docketed to Nos. 419 CR 2014 and 414 CR 2014, formed the basis for a petition to revoke Defendant's bail filed by the Carbon County Adult Probation Office on April 24, 2014, in the case docketed to No. 1207 CR 2013. By amended order dated April 28, 2014,[ ] the Honorable Joseph J. Matika of this court revoked Defendant's bail previously set at $5,000 unsecured; reset bail at $1,000.00, 10%; and noted that if bail was posted, Defendant would have "30 days from April 23, 2014,[ ] to enter the Salvation Army Rehabilitation Center and successfully complete the program." On April 28, 2014, Defendant, through his mother, posted the $100.00 bail amount required for his release in each of the three cases for which a monetary bail condition had been imposed,[ ] and was admitted into the Salvation Army's Four Step Program on May 13, 2014.

It is apparent from the sequence and timing of Defendant's Petition for admission into a long-term treatment facility filed on April 7, 2014, the nominal amount of bail set, the bail conditions set by the magisterial district judge on April 23, 2014, Judge Matika's order dated April 28, 2014, and the posting of Defendant's bail on April 28, 2014, by his mother, all of which allowed Defendant to enter into the Salvation Army's long-term program, that **the courts were responding to Defendant's decision and request to be admitted in the Salvation Army's rehabilitation program**. Similar to the numerous continuances noted by the Court in *Toland*, [*supra*], after Defendant entered the Salvation Army Program, he repeatedly applied to continue his plea date, which was unopposed by the District Attorney's office, to allow him to complete the Salvation Army's Four Step Program, and later to participate in and complete both the Extended Alumni Program and the Joy of Living Recovery Program. Though Defendant's treatment in both the Salvation Army's basic and extended rehabilitation programs was continuous, a sixteen[-]day break occurred between his completion of this treatment and his entry into the Joy of Living Recovery Program, a break which the *Toland* Court construed as supporting the sentencing court's conclusion that

notwithstanding the literal wording of the bail bond, defendant's receipt of inpatient treatment was voluntary.

With these considerations in mind, and in accordance with the cases cited above, we believe the instant case is more closely aligned with **Toland** and **Shull** than with **Cozzone**, and that the decision to grant Defendant **any** credit for the treatment he received was one within our discretion, and not as of right. It was Defendant who initiated and requested [that] he be allowed to participate in the Salvation Army Rehabilitation Program before the terms of his release on bail were changed to include rehabilitation, and it was Defendant who arranged to be admitted and thereafter voluntarily chose to remain in the program to better his life. **Fairly stated, Defendant was not coerced into any treatment program by the bail conditions set by the court; rather, the bail conditions were changed to accommodate Defendant's request to enroll in and attend a treatment program outside of the prison setting.**

This notwithstanding, in exercising our discretion we in fact gave Defendant full credit for the 291 days he spent in the Salvation Army's Four Step Program between May 13, 2014, and February 27, 2015, and also full credit for the 27 days he spent in the inpatient detoxification program at White Deer Run from February 12, 2014, to March 10, 2014, before any bail conditions were set in relation to Defendant receiving treatment for his addiction. Moreover, this credit was granted not only in the case docketed to No. 419 CR 2014, but also in the cases docketed to Nos. 330 CR 2014, 414 CR 2014[,] and 538 CR 2014. In doing so, we accepted that Defendant was committed to addressing his addiction; that he had devoted a significant amount of time in rehabilitation which he had successfully completed and where his life had been structured and his liberties restricted; and that Defendant appeared to have turned his life around and should be rewarded for his efforts.[] []

In contrast to Defendant's completion of the Salvation Army's Four Step Program, not only was Defendant's participation in the Salvation Army's Extended Alumni Program and the Joy of Living Recovery Program also completely voluntary, **his participation in these two programs was entirely optional on his part and was not a requirement of successful completion of the basic program.** Moreover, the restrictions placed on Defendant in these two programs were less onerous than those in the Four

Step Program and were not so coercive as to constitute custody. In both of these programs, the Defendant was not locked in or confined to the facility; he was permitted to leave unescorted for appointments, work[,] and leisure activities; if he chose to leave the program, he could do so without being physically restrained – albeit[,] he would be terminated from the program; and if he left and did not return he would not be charged with escape. (N.T., 8/8/16, pp. 11-13, 15-24, 43-47, 55).[ ] . . .

Trial Ct. Op., dated Oct. 31, 2016, at 17 (footnotes omitted; emphasis added).

With respect to the Plea Stipulations, the court observed:

In each of the six cases involved in this appeal, the Commonwealth and Defendant executed [S]tipulations which provided that Defendant would be granted credit against his sentence for successful inpatient treatment. Although multiple [S]tipulations with different dates appear in each case, the original of these stipulations bear dates of either June 17, 2014 or July 31, 2014 (*i.e.*, shortly after Defendant first entered the Salvation Army Program on May 13, 2014) and the most recent [S]tipulations in each case are dated February 25, 2015 (i.e., shortly before Defendant completed the Salvation Army's Four Step Program). Although we believe it significant that Defendant entered the Salvation Army Program before the first of the [S]tipulations was agreed to, we believe these [S]tipulations also provide an additional basis for the exercise of our discretion in awarding the Defendant credit for his successful completion of the Salvation Army's Basic Four Step program.

At the same time, we do not believe it was the intent of these [S]tipulations that Defendant be granted credit for multiple and sequential treatment programs regardless of their duration. To find otherwise, would allow Defendant to game the system and control how much time he would spend in jail simply by continuing in treatment outside of a prison facility. It appears unlikely that such a result was reasonably contemplated by the parties at the time the [S]tipulations were entered (N.T., 8/8/16, p. 542) and was certainly not what we understood the [S]tipulations to mean or what we felt bound to follow at the time Defendant's pleas were taken. To the contrary, we believe our reading of the [S]tipulations was reasonable and the 318

days of credit which we awarded for Defendant's long-term treatment in the Salvation Army's Four Step Program combined with his treatment at White Deer Run, was both fair and just.

Trial Ct. Op. at 16, n.11.

In addition to the trial court's observations regarding the Stipulations, we emphasize that the Salvation Army's Four Step and Extended Alumni Programs are not considered "inpatient" programs.[4]  **See** N.T. Sentencing at 8.  Accordingly, they do not fall within the terms of the Plea Stipulations.

Our review of the record supports the court's conclusion that Appellant's bail conditions were altered to allow Appellant to obtain his desired rehabilitation.  The record likewise supports the court's conclusion that Appellant voluntarily participated in each of the rehabilitation programs attended in the two to three years between the commission of the crimes and the imposition of his sentence.  Thus, pursuant to the statutory and case law discussed *supra*, whether to grant additional sentencing credit was entirely within the trial court's discretion.

After careful review, we conclude that the trial court did not "ignore[] or misappl[y] the law, exercise[] its judgment for reasons of partiality, prejudice, bias or ill will, or arrive[] at a manifestly unreasonable decision" in denying Appellant's request for further credit for time spent voluntarily in

---

[4] The record does not indicate, and Appellant does not argue, that the Joy of Living program was inpatient.

non-custodial rehabilitation programs. ***Rodda***, ***supra***, at 214. Accordingly, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017