J-A22031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : | |
| | : | No. 3647 EDA 2016 |
| AHMED NABIL DARWISH | | |

Appeal from the Judgment of Sentence September 1, 2016
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002402-2015

BEFORE: BOWES, J., LAZARUS, J., and PLATT*, J.

DISSENTING MEMORANDUM BY LAZARUS, J.: **FILED OCTOBER 31, 2017**

I respectfully dissent.

Whether a defendant is entitled to credit for time spent in an inpatient drug or alcohol rehabilitation facility turns on the question of voluntariness. ***Commonwealth v. Toland***, 995 A.2d 1242 (Pa. Super. 2010). There is no automatic entitlement to credit for time a defendant voluntarily spends in inpatient treatment. ***Id.*** Rather, if a defendant chooses to voluntarily commit himself to such treatment, the sentencing court in its discretion may grant credit for this time. ***Id.***

In the instant case, I believe that Darwish voluntarily committed himself to the Salvation Army Adult Rehabilitation Program ("the Program"). Despite the trial court's conclusion to the contrary, the record supports the fact that Darwish filed a petition to modify bail, specifically seeking release into the

_____

* Retired Senior Judge assigned to the Superior Court.

Program as a bail modification. *See* Petition to Modify Bail for Release into Rehabilitation Center, 1/19/16; *see also* N.T. Reconsideration of Sentence Hearing, 9/19/16, at 9 ("[i]t was the defendant's petition to modify bail and release him to a rehabilitation facility with the Commonwealth's concurrence. He's the one who said he wanted treatment."). In lieu of posting bail, Darwish had been incarcerated on the instant charges on October 23, 2015; inpatient treatment had not been an original condition of Darwish's bail. However, on January 19, 2016, Darwish filed the aforementioned petition, informing the court that he had been accepted into the 6½ month Program, with an admission date of January 21, 2016. The Program's admission letter indicates that Darwish had filed a beneficiary application for admission, supplemented by a medical information form and interview. *See* Salvation Army Adult Rehabilitation Intake Coordinator Letter, 1/14/16.

In addition, the trial court specifically conditioned the modification of bail on Darwish's successful completion of the Program. N.T. Guilty Plea Hearing, 1/20/16, at 12 ("All right. So if you don't, if you walk away from it, that's a violation of your bail condition."); *id.* ("You're going to need to stay there until you're successfully discharged to fulfill that bail condition; do you understand that?"). In fact, the Commonwealth would only agree to his admission "with the condition that [Darwish] attend and complete the [P]rogram." *Id.*

Darwish absconded from the Program after only three months, failed to report his discharge to the court, failed to appear for sentencing, was wanted

on a bench warrant, and continued to use illegal drugs and commit additional crimes while a fugitive. Under such circumstances, I believe that the trial court abused its discretion in granting Darwish credit for time served in the Program where the trial court and Commonwealth clearly premised Darwish's bail modification on his successful completion of the Program. *Cf.* *Commonwealth v. Conahan*, 589 A.2d 1107, 1109 (Pa. 1991) (court did not abuse discretion in crediting defendant for time spent in inpatient treatment facility following DUI arrest where: defendant's commitment exceeded statutory applicable minimum sentence;[1] defendant's right of movement restricted in program and where had he not completed program, credit would not have been due; and defendant had taken responsibility for actions and maintained sobriety). Darwish clearly failed to benefit from the truncated time he voluntarily spent in the Program; awarding Darwish credit for that time is inappropriate. Accordingly, I would reverse and remand for resentencing.

---

[1] Here, the trial court initially sentenced Darwish to 9-24 month's imprisonment, with 108 days of credit. That sentence was subsequently modified to reflect an additional 99 days of credit – the time served in the Program.