J-A02043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:               PENNSYLVANIA
:
v.                                :
:
:
CRYSTAL MARIE ANTHONY             :
:
Appellant                :   No. 457 WDA 2022

Appeal from the Judgment of Sentence Entered March 24, 2022
In the Court of Common Pleas of Clarion County Criminal Division at No:
CP-16-CR-0000518-2015

BEFORE:  BOWES, J., OLSON, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                    **FILED: APRIL 14, 2023**

Appellant, Crystal Marie Anthony, appeals from the judgment of sentence entered on March 24, 2022, following the revocation of her parole. We vacate and remand.

We briefly set forth the facts and procedural history of this case as follows.  Appellant pled guilty to forgery[1] and, on February 17, 2016, the trial court sentenced her to six months of probation at docket number CP-16-CR-518-2015.  On the same date, but at docket number CP-16-CR-519-2015, the trial court also sentenced Appellant to a consecutive term of six months of probation for possession of a controlled substance by misrepresentation, fraud, forgery or subterfuge pursuant to 35 P.S.

---

[1]  18 Pa.C.S.A. § 4104(a)(3).

§ 780-113(a)(12).[2]   While on probation for forgery at docket number CP-16-CR-518-2015, Appellant admitted she was in technical violation of the terms of her probation.  By order entered on March 24, 2016, the trial court resentenced Appellant to 30 days to two years of imprisonment, followed by a consecutive term of three years of probation.  The trial court gave Appellant 30 days' credit for time served.  Since then, in three separate proceedings held in April 2016, June 2018, and March 2022, Appellant was found to be in technical violation of her parole while serving her sentence for forgery at docket number CP-16-CR-518-2015.  Each time, she was resentenced to a term of imprisonment with consecutive probation.

At issue currently, on March 24, 2022, while serving her sentence at docket number CP-16-CR-518-2015, Appellant again admitted to technical violations of her parole.  N.T., 3/24/2022, at 2-3.  The trial court revoked parole, recommitted Appellant to serve the balance of her sentence in prison, revoked her street time, and gave her 71 days' credit for time served.  *Id.* at 7.  The trial court also found Appellant met the criteria for inpatient drug and alcohol treatment and ordered her to "be released from incarceration on March 25, 2022, [] to begin inpatient treatment." *Id.*  The trial court further ordered that Appellant's probation at docket number CP-16-CR-519-2015 "shall

---

[2]   Appellant has not completed her sentence at docket number CP-16-CR-518-2015 and, therefore, she has not started her consecutive, six-month probationary sentence at docket number CP-15-CR-519-2015. The sentence at docket number CP-15-CR-519-2015 has remained unchanged, and Appellant is not challenging that sentence on appeal.

continue to run consecutive" to the new sentence imposed at docket number CP-16-CR-518-2015. *Id.* This timely appeal resulted.[3]

On appeal, Appellant presents the following issues for our review:

1. [Whether] the sentence imposed by the [t]rial [c]ourt was excessive in that [Appellant's] parole and street time were revoked on a docket that began as a six-month probationary sentence in 2015, during which time she has never been charged with a new criminal offense[?]

2. [Whether] the [t]rial [c]ourt erred in not crediting [Appellant] with time served for the time previously spent in court-ordered inpatient drug and alcohol treatment[?]

Appellant's Brief at 6.

---

[3] The sentence at issue, while listing both trial court docket numbers, was only entered at CP-16-CR-518-2015. Appellant's sentence at CP-16-CR-519-2015 was not altered because Appellant had not begun to serve that sentence. On April 21, 2022, Appellant filed a counseled, single notice of appeal challenging resentencing at both dockets. On April 25, 2022, the trial court issued an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on May 13, 2022. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on June 16, 2022. On July 25, 2022, this Court entered an order to show cause why the appeal should not be quashed because (1) Appellant filed a single notice of appeal challenging an order which supposedly impacted two separate dockets in contravention of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) (requiring separate notices of appeal for each challenged trial court docket) and (2) the resentencing order was only entered at docket number CP-15-CR-518-2015. *See* Pa.R.A.P. 301(a)(1) (providing that an order is not appealable until it has been entered upon the appropriate trial court docket). On August 4, 2022, Appellant filed a response, indicating that she only intended to challenge the resentencing order entered at docket number CP-15-CR-518-2015, as set forth in her Rule 1925(b) concise statement of errors complained of on appeal. Accordingly, this Court granted Appellant's request to amend the caption to reflect only the challenged trial court docket, docket number CP-15-CR-518-2015. On August 25, 2022, Appellant filed an amended notice of appeal listing only CP-15-CR-518-2015. We have changed the caption to reflect that amendment and this appeal is now ready for review.

First, Appellant contends that her sentence is excessive, arguing in sum:

Appellant has not committed a new crime since being placed on supervision in February 2016, and [the trial c]ourt acknowledge[d] the nearly four (4) year period without violations prior to resentencing her. To date, Appellant has been incarcerated for various lengths of time on numerous occasions, sent to court ordered inpatient drug rehab[ilation] on numerous occasions, and had her supervision and street time revoked on numerous occasions over these technical violations.

Under these circumstances, Appellant avers that the [trial c]ourt's decision to again revoke her parole and her street time, thus keeping her on supervision for what will amount to nearly a decade for what started as a six (6) month probation [sentence], is an abuse of discretion. Appellant has a right to expect that her supervision will not be continued indefinitely over periodic technical violations of [supervision]. Appellant avers that she has paid back her debt to society at this docket and she should be permitted to begin her [probation] at docket [number CP-16-CR-] 519-2015.

Appellant's Brief at 14-15. This claim fails.

This Court has previously determined that, following the revocation of parole,

a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record.

Challenges of those types [] implicate the discretionary aspects of the underlying sentence[.]

***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (citations omitted). Discretionary sentencing challenges cannot be raised on appeal from parole revocation proceedings because,

a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.

*Id.* at 290.

As **Kalichak** makes clear, following the revocation of parole, the trial court may not impose a new sentence. "[T]he only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence." **Id.** As such, "[f]ollowing parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement." **Id.** at 291. Here, Appellant admitted to violating the terms of her parole and, on appeal, she does not contest the trial court's revocation decision. Instead, Appellant argues that "the [t]rial [c]ourt's decision to continuously revoke Appellant's street time and extend her supervision indefinitely for technical violations amounts to an excessive sentence in that she has been on supervision for nearly seven (7) years for what started as a six (6) month probationary sentence for a charge that carries a maximum penalty of five (5) years." Appellant's Brief at 10. We do not review resentencing, following the revocation of parole, for alleged excessiveness or discretionary aspects of sentencing. **See Kalichak**; **compare Commonwealth v. Early**, 279 A.3d 1269 (Pa. Super. 2022) (this Court vacated and remanded following parole

revocation and resentencing where the trial court erroneously imposed a new sentence and that sentence was illegal). Appellant has a legitimate expectation that her supervision would conclude simply due to the passage of time. To complete her supervision, Appellant needed to pass the prescribed period in compliance with all applicable rules and conditions. She admits, however, that she failed to do so. Because we discern no error of law, we conclude that Appellant is not entitled to relief on her first appellate claim.

Next, Appellant asserts that she should be given credit for time spent in prior drug and alcohol rehabilitation pursuant to 42 Pa.C.S.A. § 9760(2).[4] More specifically, Appellant posits:

> [S]he was required to complete inpatient drug and alcohol [rehabilitation] in order to leave or remain free from confinement in the Clarion County Jail on multiple occasions as a condition of her supervision with Clarion County. Specifically, Appellant had most recently completed a short-term program at ARC Manor. Appellant asked at her [revocation of parole] hearing for the time spent in inpatient rehab to be credited against her sentence, but

_____

[4] That statute provides, in pertinent part:

> (2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

42 Pa.C.S.A. § 9760(2).

this request was denied.[5]  At the conclusion of her [revocation of parole] hearing, Appellant was again court-ordered to complete inpatient treatment to facilitate her release from jail.

Appellant contends that in the context of having to choose between completing an inpatient rehab program and going to or remaining in jail, that the time spent in rehab must be credited as time served against her sentence.  At minimum, Appellant contends that additional[] testimony is needed to determine the amount of time she spent in court-ordered rehabilitation programs at this docket, and if necessary, to determine the custodial conditions of said programs.  However, Appellant suggests that when her only choice is to participate and complete inpatient rehab or to go sit in jail, that in that context the time spent in rehab must always be credited.

Appellant's Brief at 16-17 (record citations omitted).

"A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence." *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa. Super. 2018) (citation omitted).  "Issues relating to the legality of a sentence are questions of law.  Our standard of review over such questions is *de novo* and the scope of review is plenary." *Gibbs*, 181 A.3d at 1166 (citation omitted).  However, "[g]enerally, it is within the trial court's discretion whether to credit time spent in an institutionalized rehabilitation and treatment program as time served 'in custody.'" *Commonwealth v. Fowler*, 930 A.2d 586, 596 (Pa. Super. 2007), *citing Commonwealth v. Conahan*, 589 A.2d 1107 (Pa. 1991).  "[I]npatient

_____

[5]  To the extent that Appellant now seeks credit for the time allegedly served for all of her drug and alcohol rehabilitation over the life of this case, we limit our analysis to Appellant's most-recent stint at Arc Manor.  Challenges to the terms and conditions of Appellant's other prior sentences are simply untimely and beyond our review.

- 7 -

institutional rehabilitation in no way entitles one ... to a credit for such rehabilitative commitment *as of right*." ***Id.***, *citing* **Conahan**, 89 A.2d at 1110 (emphasis in original). "Rather, it is only an express approval of credits for such commitment that the sentencing court in its discretion deems to be sufficient." ***Id.*** Under the Sentencing Code, a defendant is entitled to credit for time served "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." 42 Pa.C.S.A. § 9760(1).[6] "Courts have interpreted the word 'custody,' as used in Section 9760, to mean time spent in an institutional setting such as, at a minimum, an inpatient alcohol[/drug] treatment facility." ***Commonwealth v. Toland***, 995 A.2d 1242, 1249 (Pa. Super. 2010) (citation omitted). As we have previously explained:

> [...W]hether a defendant is entitled to credit for time spent in an inpatient drug or alcohol rehabilitation facility turns on the question of voluntariness. If a defendant is ordered into inpatient treatment by the court, *e.g.*, as an express condition of pre-trial bail, then [s]he is entitled to credit for that time against [her] sentence. By contrast, if a defendant chooses to voluntarily commit [herself] to inpatient rehabilitation, then whether to

---

[6] Appellant cites 42 Pa.C.S.A. § 9760(2), instead of Section 9760(1). Section 9760(2), as stated above, provides for credit for time served "for all time spent in custody under a prior sentence if [] later **reprosecuted** and resentenced for the same offense or for another offense based on the same act or acts." 42 Pa.C.S.A. § 9760(2) (emphasis added). Here, Appellant was not reprosecuted. Instead, her parole was revoked. As such, any reliance on Section 9760(2) is misplaced and inapplicable.

- 8 -

approve credit for such commitment is a matter within the sound discretion of the court.

*Id.* at 1250–1251. "Our overall task is to examine the rules and regulations of each program on a case-by-case basis by considering the extent of control exercised by those in authority and the restraints and limitations on the freedom of the individual seeking credit for time served." ***Commonwealth v. Druce***, 868 A.2d 1232, 1237 (Pa. Super. 2005) (internal quotation marks and citation omitted).

Here, the trial court opined that "[t]here was no evidence offered indicating that [Appellant's] drug and alcohol program had exacted the necessary 'control, restraints and limitations' on her freedom for finding her 'in custody.'" Trial Court Opinion, 6/16/2022, at *2, *citing* ***Druce***, 868 A.2d at 1237. As such, the trial court concluded it did not err in refusing to credit Appellant with time served for her previous time spent in inpatient drug rehabilitation. *Id.* Upon review of applicable law and the record, we disagree. In this case, at the revocation of parole hearing, counsel for Appellant "ask[ed] the [trial c]ourt to consider crediting [Appellant's] time spent in inpatient treatment towards the credit for time served calculation." N.T., 3/24/2022, at 4-5. Defense counsel asked that "the 28 or so days" that Appellant spent in "a short-term program at ARC Manor" be applied as credit for time served. *Id.* at 5. The trial court merely responded that "[r]egarding the credit for inpatient [rehabilitation] as expressed in the past, [the trial court was] not willing to do that." *Id.* at 6. There is, as the trial court suggests, no evidence of record as to whether the inpatient treatment facility restricted or restrained

Appellant's freedom or if Appellant voluntarily entered the program at issue.[7]

However, the trial court did not allow Appellant to present any evidence and, instead, summarily dismissed Appellant's claim for credit for time served without entertaining argument regarding the custodial nature of the program and whether it was voluntary. As such, we discern error in failing to analyze Appellant's credit for time served claim without meaningful inquiry. Accordingly, we vacate Appellant's judgment of sentence and remand for additional proceedings, wherein Appellant is permitted to present evidence pertaining to her inpatient rehabilitation at Arc Manor and whether her time spent there constitutes custody as defined by Section 9760(1).[8]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

_____

[7] Upon further review of the record, on February 18, 2022, the Clarion County Adult Parole and Probation Department issued Appellant notice of her alleged violations of parole prior to the revocation hearing. Relevant to the issue presented herein, the Parole Department charged Appellant with a violation of "Rule #11: Special Conditions" as she was supposed to participate in "[p]ost inpatient treatment" and "successfully complete all recommended treatment and [] not permitted to decline any level of care." Violation Notice, 2/18/2022, at *2. The violation notice also stated that Appellant was "inconsistent with [] treatment [] at ARC Manor, placing [her] in danger of an unsuccessful discharge (several missed appointments)." *Id.* Such information suggests that Appellant was already on parole at the time that she entered inpatient rehabilitation.

[8] To the extent that Appellant argues that she should anticipatorily be credited for future time spent in inpatient rehabilitation, there is no legal justification for such credit. Finally, we note that Appellant received 71 days of credit for time served while previously incarcerated. *Id.* at 7. She does not dispute that determination.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/14/2023